CITY OF POMONA *v.* SUNSET TELEPHONE AND TELEGRAPH COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 215.　Argued March 14, 15, 1912.—Decided April 8, 1912.

A provision in a state constitution that municipal corporations may establish and operate public utility plants, and that persons and corporations may establish and operate works for supplying public service upon such conditions and under such regulations as the municipality may prescribe, is a step towards municipal control or ownership, and is not a grant to others of a right to occupy streets without the consent of the municipality; nor does it limit the municipality to regulations under its police power. The conditions are of general import; and so *held* as to the provision in Article XI, § 19, of the constitution of California as amended October 11, 1911.

There is no sufficient reason why this court should not follow the highest court of California in construing "telegraph" corporations as used in § 536 of the Civil Code of that State as not including "telephone" corporations.

Where a statute is amended so as to bring a certain class thereunder, the amendment to take effect at a subsequent date, before which date another act is passed relating to the same subject with a general repealing act enumerating exceptions, the amended statute is repealed, subject only to the exceptions before any rights accrue under the amendment.

In the absence of any apparent policy inducing it, it will be assumed that an exception to the repealing clause of an act to regulate franchises of "lines doing an interstate business" was made unwillingly and because the legislature assumed it was bound to exempt such lines from regulations.

In this case *held* that under the statutes of California a telephone corporation operating interstate and local lines in Pomona, a city of the fifth class, obtained rights to maintain its main line in the streets but not its local posts and wires except subject to regulations of the city.

172 Fed. Rep. 829; 97 C. C. A. 251, reversed.

THE facts, which involve the validity and constitutionality of certain provisions of the constitution and statutes of California in regard to the use of streets by telephone companies, are stated in the opinion.

*Mr. John W. Shenk* and *Mr. William J. Carr*, with whom *Mr. C. W. Guerin*, *Mr. Robert G. Loucks*, *Mr. W. B. Mathews*, *Mr. Leslie R. Hewitt*, *Mr. J. P. Wood* and *Mr. J. W. Joos* were on the brief, for appellants:

Poles and wires in the streets without permission given by competent authority are nuisances and may be abated. No user and no lapse of time can legalize the nuisance. The company can justify its invasion of the streets only by pointing to a particular statute or law authorizing it. The burden is on it to justify its use of the streets. *L. T. Co.* v. *S. & W. W. R. Co.*, 41 California, 562; *Siskiyou Lumber Co.* v. *Rostel*, 121 California, 511; *Marini* v. *Graham*, 67 California, 130; *Taylor* v. *Reynolds*, 92 California, 573; *Vandehurt* v. *Thoicke*, 113 California 147; *So. Pac. Co.* v. *Pomona*, 144 California, 339; *Coverdale* v. *Edwards*, 155 Indiana, 374, 383; *Valparaiso* v. *Bozarth*, 153 Indiana,

536; *Baumgartner* v. *Hasty,* 100 Indiana, 57; *Indianapolis* v. *Miller,* 27 Indiana, 394; *Telegraph Co.* v. *Hess,* 125 N. Y. 641; *D., L. & W. R. R. Co.* v. *Buffalo,* 158 N. Y. 266, 478; *Daublin* v. *Mayor of New Orleans,* 1 Martin (La.), 185.

No user or lapse of time can legalize such a nuisance. *People* v. *Gold Run Min. Co.,* 66 California, 138, *Ex parte Tayor,* 87 California, 91; *Bowen* v. *Wendt,* 103 California, 236; *Cloverdale* v. *Smith,* 128 California, 230; *Webb* v. *Demopolis,* 95 Alabama, 116.

It devolves upon the company to justify the use of the streets by its poles and lines. *Sunset Tel. & Tel. Co.* v. *Pasadena,* 42 Cal. Dec. 593; *D., L. & W. R. R. Co.* v. *Buffalo,* 158 N. Y. 266, 478.

No claim of right under the act of Congress of July 24, 1866 (Federal Telegraph Act) is here presented.

The interstate commerce clause of the Constitution does not in itself confer upon the company the right to appropriate for the maintenance of its system portions of the streets of the city of Pomona. Competent authority from the State therefore is necessary. *N. W. Telephone Exch. Co.* v. *St. Charles,* 154 Fed. Rep. 386.

The expenditure of money by the company and the extension of its system, even though with the consent or at the request of the city, furnishes no authority to the company to maintain its lines. The mode whereby the city may contract or grant a privilege being prescribed, that mode constitutes the measure of the city's power in such respect, and any right granted or claimed otherwise is a mere nullity. Estoppel will not lie against the city in such case to deny the existence of the contract or privilege. *Dean* v. *Contra Costa County,* 122 California, 421, 422; *Pac. Electric Ry. Co.* v. *Los Angeles,* 194 U. S. 112; *Pelham* v. *Telephone Co.,* 62 S. E. Rep. (Ga.) 186; *Tri-State Tel. Co.* v. *Thief River Falls,* 183 Fed. Rep. 854; *Zottman* v. *San Francisco,* 20 California, 96; *Times Pub. Co.* v. *Weatherby,* 139 California, 618; *Frick* v. *Los Angeles,*

115 California, 512; *Wichmann* v. *Placerville*, 147 California, 162, 164, 165; *Pavement Co.* v. *Broderick*, 113 California, 628; *McCoy* v. *Briant*, 53 California, 247; *French* v. *Teschemaker*, 24 California, 518, 550; *Brady* v. *New York*, 16 How. Pr. 432, 444; *Arnott* v. *Spokane*, 6 Washington, 442; *Chippewa Bridge Co.* v. *Duland*, 99 N. W. Rep. 603; *Murphy* v. *Louisville*, 9 Bush. 189; *Jersey City Oil Co.* v. *Mayor*, 60 Atl. Rep. 381; *Providence* v. *Electric Lighting Co.*, 91 S. W. Rep. 664.

Section 536 of the Civil Code, prior to its repeal and reenactment in 1905, in terms applied only to telegraph corporations and to lines of telegraph. It did not apply to telephone corporations nor purport to confer any rights in the highways as to telephone wires or lines. The company derived no rights thereunder to construct or maintain telephone poles, lines or wires in the streets of the City of Pomona.

The lines and wires of the company in Pomona, which were destroyed or threatened by the city, were not telegraph lines or wires, but were telephone lines and wires. *Richmond* v. *Telephone Co.*, 174 U. S. 761; *Toledo* v. *West. Un. Tel. Co.*, 107 Fed. Rep. 10; *Cumberland Tel. Co.* v. *Evansville*, 127 Fed. Rep. 187.

No rights were acquired by the company under § 536 of the Civil Code prior to its repeal and reënactment in 1905. The word "telegraph" as therein used does not include "telephone." *Davis* v. *Pacific Tel. Co.*, 127 California, 312; *Sunset Tel. Co.* v. *Pasadena*, 42 Cal. Dec. 593.

The construction placed upon the word "telegraph" as contained in § 591 of the Penal Code in no wise controls the court in construing the same word as used in § 536 of the Civil Code. Because a word or expression as used in one statute is given a certain meaning, it does not follow that the same meaning must be given to it when used in another statute. The same word or expression may have different meanings even when used in the

same statute. Endlich on Statutes, § 387; *Rupp* v. *Swineford*, 40 Wisconsin, 28, 31; *L. & N. R. Co.* v. *Gaines*, 3 Fed. Rep. 266; *Wood* v. *Brady*, 150 U. S. 18; *Henry* v. *Trustees*, 48 Oh. St. 671, 676; *State* v. *Knowles*, 90 Maryland, 646, 654; *Wall* v. *Board of Directors*, 145 California, 468, 473.

The rules of construction properly applicable to the particular statute or expression controls the courts in their interpretations thereof. A previous construction of the same statute or the same expression, arrived at under a different rule of construction, is not binding and will be disregarded. *Blythe* v. *Ayers*, 96 California, 532, 590; *Dixon* v. *Pluns*, 98 California, 384, 388; *San Francisco* v. *Sharp*, 125 California, 536; *Hostetter* v. *Los Angeles St. Ry. Co.*, 108 California, 38, 44; *Bartram* v. *Central Turnpike Co.*, 25 California, 284.

If a statute relating to the exercise of a franchise or a contract therefor is susceptible of two meanings, the one restricting and the other extending the powers of the grantee, that construction is to be adopted which works the least harm to the State. *Water Co.* v. *Knoxville*, 200 U. S. 22; *Coosaw Mining Co.* v. *South Carolina*, 144 U. S. 550; *Covington Turnpike* v. *Sanford*, 164 U. S. 578, 588; *Wiggins Ferry Co.* v. *East St. Louis*, 107 U. S. 365; *Vernon Shell Road &c. Co.* v. *Savannah*, 22 S. E. Rep. 625; *Water Co.* v. *Freeport*, 180 U. S. 587; *Water Co.* v. *Danville*, 180 U. S. 619; *Rogers Park Water Co.* v. *Fergus*, 180 U. S. 624.

In the construction of statutes, the intent of the legislature is to be given effect. This intent is to be found in the statute itself. Words are to be interpreted according to their meaning at the time of the passage of the statute. *Tynan* v. *Walker*, 35 California, 634, 642; *Massey* v. *Dunlap*, 146 Indiana, 350, 358; *Sharpe* v. *Wakefield*, 22 Q. B. D. 239, 242; *Board of Works* v. *United Tel. Co.*, 13 Q. B. D. 904, 914; *Aerated Bread Co.* v. *Gregg*,

L. R., 8 Q. B. 355; *Brown* v. *Visalia*, 141 California, 372, 375.

Statutes purporting to grant rights in the public highways to telegraph companies had no application to telephone companies. *Richmond* v. *Bell Tel. Co.*, 174 U. S. 761; *Cumberland Tel. Co.* v. *Evansville*, 127 Fed. Rep. 187; *Toledo* v. *West. Union Tel. Co.*, 107 Fed. Rep. 10; *Sunset Tel. Co.* v. *Pomona*, 164 Fed. Rep. 561, 573; *S. C.*, 172 Fed. Rep. 838; *Home Telephone Co.* v. *Nashville*, 101 S. W. Rep. 770. See also *Suburban Light Co.* v. *Boston*, 153 Massachusetts, 200.

Section 536 of the Civil Code, as reënacted in 1905, was repealed, except as to "telegraph or telephone lines doing an interstate business" by the Franchise Act of 1905, commonly known as the Broughton Act (Statutes 1905, page 777). The company cannot justify its use of the streets under said section as reënacted.

So far as the Broughton Act was repugnant to and in conflict with the provisions of § 536 of the Civil Code, as reënacted, it operated as repeal thereof. See *Ex parte Sohncke*, 148 California, 262.

For the history of legislation in California purporting to extend authority direct from the State to use the public highways for the construction and maintenance of telephone lines, see Ord. Mains. No. 30, Pomona; No. 75 of Pasadena; No. 1130 of Los Angeles; *Sunset Tel. Co.* v. *Pasadena*, 42 California, 593; *Horton* v. *Los Angeles*, 119 California, 602; *Home Tel. Co.* v. *Los Angeles*, 211 U. S. 265; *Telegraph Co.* v. *Spokane*, 24 Washington, 53; *Dean* v. *Contra Costa County*, 122 California, 421; *Los Angeles* v. *Davidson*, 150 California, 59; *McGinnis* v. *Mayor,* 153 California, 711.

The lines of the company in Pomona which were destroyed or threatened by the city were not lines doing an interstate business within the meaning of the exception in the Broughton Act. Exceptions must be strictly con-

strued. Lewis' Suth. Stat. Const., 2d ed., § 352; *People v. Morrill*, 26 California, 336; *Southern Bell Tel. Co.* v. *D'Alemberte*, 21 So. Rep. 571.

Although there may be a technical distinction between a proviso and an exception, such distinction is generally disregarded. *United States* v. *Coke*, 17 Wall. 168.

The burden was on the company to show that its lines were doing an interstate business. *Penn. Ry. Co.* v. *Knight*, 192 U. S. 21.

The exception of "telegraph or telephone lines doing an interstate business" contained in the Broughton Act is not in itself a grant of a franchise to construct and maintain such lines. It is not the function of an exception or proviso to confer power or grant a privilege. *Chicago* v. *Phœnix Ins. Co.*, 126 Illinois, 276; *Commonwealth* v. *Hough*, 22 Pa. Co. Ct. 440; *Sunset Tel. Co.* v. *Pasadena, supra*.

Section 19, Art. XI, of the constitution, as amended on October 10, 1911, is not to be construed as a blanket grant of a franchise from the State to use the streets of municipalities for the operation of telephone lines and the works of the other utilities mentioned. On the contrary, said section as amended repealed *in toto* § 536 of the Civil Code, as reënacted in 1905.

This court may here properly consider § 19 of Art. XI. A decree granting an injunction based upon a law repealed after the entry of such decree, but prior to the determination of the appeal therefrom, will not be affirmed. Cooley's Const. Lim., 6th ed., 469; 3 Cyc. 407; *United States* v. *Schooner Peggy*, 1 Cr. 103, 110; *Yeaton* v. *United States*, 5 Cr. 281; *Mills* v. *Green*, 159 U. S. 651, 656, 657; *New Orleans* v. *Glover*, 160 U. S. 170; *Dinsmore* v. *So. Express Co.*, 183 U. S. 115, 120; *Linn Co.* v. *Hewitt*, 55 Iowa, 505; *Vance* v. *Ruskin*, 194 Illinois, 625, 627, 628; *Wade* v. *St. Mary's School*, 43 Maryland, 178; *Muskogee Tel. Co.* v. *Hall*, 64 S. W. Rep. 600, 604.

The repeal of § 536 of the Civil Code as reënacted in 1905 by the amendment of § 19 of Art. XI of the constitution neither impairs the obligation of any contract of the company arising under said § 536, nor assails any of its vested rights.

Under § 327, Political Code, any statute may be repealed at any time except when it is otherwise provided therein.

No vested contractual rights can arise in the face of such provisions. *Shields* v. *Ohio,* 95 U. S. 319; *Gas Light Co.* v. *Hamilton,* 146 U. S. 258; *San Antonio Traction Co.* v. *Altgelt,* 200 U. S. 304; *Bienville Water Supply Co.* v. *Mobile,* 186 U. S. 212; and see also *St. Louis* v. *West. Un. Tel. Co.,* 149 U. S. 465; *Postal Tel. Co.* v. *Baltimore,* 79 Maryland, 502, 510; *S. C.,* 156 U. S. 210; *Memphis* v. *Postal Tel. Co.,* 145 Fed. Rep. 602; *Blair* v. *Chicago,* 201 U. S. 200.

Again the lines destroyed or threatened by the City of Pomona were constructed or maintained wrongfully and without competent authority. Even though § 536 as reënacted in 1905 continued in full force until repealed in October, 1911, the continued maintenance of these lines wrongfully constructed or maintained in the first instance would give rise to no contractual right authorizing their maintenance for all time to come. The elements going to make up a contract are entirely wanting.

*Mr. Alfred Sutro,* with whom *Mr. E. S. Pillsbury* was on the brief, for appellee:

Appellee has the right, under § 536 of the Civil Code of California, as reënacted in 1905, to use the streets of the City of Pomona for its telephone system without a special franchise therefor from the city. *Davis* v. *Pacific Tel. Co.,* 127 California, 312, held that "telegraph" embraced within its meaning the narrower word "telephone;" but *Sunset Telephone Co.* v. *Pasadena,* 118 Pac. Rep. 796, held otherwise.

Section 536 of the Civil Code is a grant of right by the State to telephone and telegraph corporations to use the highways of the State for their lines. *West. Un. Tel. Co.* v. *Hopkins,* 116 Pac. Rep. 557; *West. Un. Tel. Co.* v. *Los Angeles Co.,* 116 Pac. Rep. 564; *Postal Tel. Co.* v. *Los Angeles Co.,* 116 Pac. Rep. 566.

The word "highways" in § 536 includes the streets of cities and towns in California, Political Code, § 2618; *West. Un. Tel. Co.* v. *Visalia,* 149 California, 744, 746; *Niles* v. *Los Angeles,* 125 California, 572; *Smith* v. *San Luis Obispo,* 95 California, 463, 469.

The object of such legislation as is contained in § 536 is to foster and promote the growth of telegraph and telephone systems. They are recognized as an important element in the business and social life of the day. *Abbott* v. *Duluth,* 104 Fed. Rep. 833; *S. C.,* 117 Fed. Rep. 137; *Duluth* v. *Telephone Co.,* 87 N. W. Rep. 1127; *N. W. Tel. Exch. Co.* v. *Minneapolis,* 86 N. W. Rep. 69; *Wichita* v. *Old Colony Trust Co.,* 132 Fed. Rep. 641; *Wichita* v. *Missouri Telephone Co.,* 78 Pac. Rep. 886; *Rocky Mountain Bell Tel. Co.* v. *Red Lodge,* 76 Pac. Rep. 758; *Chamberlin* v. *Iowa Tel. Co.,* 93 N. W. Rep. 596; *State* v. *Nebraska Telephone Co.,* 103 N. W. Rep. 120; *Wisconsin Telephone Co.* v. *Sheboygan,* 86 N. W. Rep. 657; *S. C.,* 90 N. W. Rep. 441; *Michigan Telephone Co.* v. *Benton Harbor,* 80 N. W. Rep. 386; *Farmer* v. *Columniana Telephone Co.,* 74 N. E. Rep. 1078; *Carthage* v. *Central N. Y. Tel. Co.,* 78 N. E. Rep. 165; *Garnett* v. *Independent Telephone Co.,* 106 N. Y. S. 3; *Texarkana* v. *Southwestern Tel. Co.,* 106 S. W. Rep. 915; *Missouri River Telephone Co.* v. *Mitchell,* 116 N. W. Rep. 67; *Hodges* v. *West. Un. Tel. Co.,* 18 So. Rep. 84.

Section 536 is a general law of the State and is effective in Pomona. *The Pasedena Case,* 118 Pac. Rep. 796, 803; *Ex parte Braum,* 141 California, 204, 214.

The conclusion of the Supreme Court, in the *Pasadena*

*Case*, that §.536 confers no rights upon telegraph or telephone companies, so far as the streets of Pasadena are concerned, is inapplicable to Pomona, which is a city of the fifth class. Municipal Corp. Act, Cal. Stats., 1883, p. 93; *Fragley* v. *Phelan*, 126 California, 383, 387; *Ex parte Helm*, 143 California, 553; *Dawson* v. *Superior Court*, 13 Cal. App. 582.

Section 536 was not repealed by the Franchise Act of 1905, Stats. Cal., 1905, p. 777.

The provisions of the Franchise Act of 1905 are not inconsistent with those of § 536, as reënacted in 1905, because § 536 is a grant of franchise, and the Franchise Act of 1905 only provides the method by which franchises must be granted; it contains no delegation of power to grant franchises. *Supervisors* v. *Lackawanna &c.*, 93 U. S. 619, 624.

The power to grant franchises, for the use of the highways in a city, inheres in the State. *In re Johnston*, 137 California, 115, 122; *Thomason* v. *Ruggles*, 69 California, 564; *South Pasadena* v. *L. A. T. Ry. Co.*, 109 California, 315.

The delegation to a municipal corporation of the power to grant franchises must clearly appear, before the right to exercise the power may be asserted. Any reasonable doubt, concerning the existence of the power, is to be resolved against the municipal corporation. See *Von Schmidt* v. *Widber*, 105 California, 151; *Glass* v. *Ashbury*, 49 California, 571; *Wisconsin Tel. Co.* v. *Sheboygan*, 86 N. W. Rep. 657, 661; *Water Co.* v. *Los Angeles*, 88 Fed. Rep. 720.

The general rule that, where a later statute deals with the same subject-matter as does an earlier one, and in such way as to indicate that the lawmakers intended the later act to be a substitute for the earlier one, the prior statute is held to have been repealed, does not apply to this case as the 1905 Franchise Act does not deal

with the same subject-matter as does § 536.  *Hess*. v. *Reynolds*, 113 U. S. 73, 79; *Bank* v. *Cahn*, 79 California, 463, 465; *Patterson* v. *Tatum*, 18 Fed. Cas. 1331.

Any repeal of § 536 of the Civil Code by the Franchise Act of 1905 could have been only by implication.  Such repeals are not favored and are never allowed except in cases of clear and irreconcilable conflict.  *Supervisors* v. *Lackawanna R. R. Co.*, 93 U. S. 619, 624.  See also *Wodd* v. *United States*, 16 Pet. 341, 362; *The Distilled Spirits*, 11 Wall. 356, 365; *Henderson's Tobacco*, 11 Wall. 652; *Arthur* v. *Homer*, 96 U. S. 137, 140; *Chew Heong* v. *United States*, 112 U. S. 536, 549; *Frost* v. *Wenie*, 157 U. S. 46, 58; *United States* v. *Greathouse*, 166 U. S. 601, 605; *Cope* v. *Cope*, 137 U. S. 682, 686; *Wetzell* v. *Paducah*, 117 Fed. Rep. 647; *Merrill* v. *Gorham*, 6 California, 41; *Soher* v. *Supervisors*, 39 California, 134; *Malone* v. *Bosch*, 104 California, 680, 683; *Banks* v. *Yolo Co.*, 104 California, 238; *Thompson* v. *Supervisors*, 111 California, 553, 556; *Hilton* v. *Curry*, 124 California, 84; *Rowe* v. *Hibernia Sav. & L. Soc.*, 134 California, 403, 406.

Section 536 of the Civil Code was reënacted at the same session of the legislature and at about the same time that the Franchise Act of 1905 was passed.  This circumstance is a strong argument against the repeal by implication of the former by the latter.  *State* v. *Board of Commissioners*, 85 N. E. Rep. 513, 522; *State* v. *Duncan* (Ala.), 50 So. Rep. 265, 266; *Stubblefield* v. *Menzies*, 11 Fed. Rep. 268, 276.

The Circuit Court erred in concluding that § 536 of the Civil Code was repealed by the Franchise Act of 1905. Judge Gilbert, in his dissenting opinion in the Circuit Court of Appeals, did not follow that conclusion.  *N. W. Tel. Exch. Co.* v. *St. Charles*, 154 Fed. Rep. 386, does not support the conclusion for which it is cited.

Appellants concede that, under § 536 telephone lines doing an interstate business are entitled to use the high-

ways of the State, including the streets of Pomona. The lines of the appellee in Pomona are part of a homogeneous interstate telephone system operated by the appellee and extending throughout the State of California and in the States of Nevada, Washington and Oregon.

The system in Pomona is a part of the interstate telephone system of the appellee extending throughout the State of California and into many parts of the States of Nevada, Oregon and Washington. *United States* v. *Southern Ry. Co.*, 164 Fed. Rep. 347, 349; *United States* v. *Pittsburg &c. Ry. Co.*, 143 Fed. Rep. 360; *United States* v. *Northern Pac. Terminal Co.*, 144 Fed. Rep. 861; *United States* v. *Great Northern Ry. Co.*, 145 Fed. Rep. 438.

Without excluding interstate telephone lines from its operation, the act of March 22, 1905, would be unconstitutional under the commerce clause. Interstate telephone communications are interstate commerce. *Muskogee Telephone Co.* v. *Hall*, 118 Fed. Rep. 382; *West. Un. Tel. Co.* v. *Pendleton*, 122 U. S. 347; *In re Penn. Telephone Co.*, 20 Atl. Rep. 846. See also *Pasadena* v. *L. A. T. Ry. Co.*, 109 California, 315; *People* v. *Craycroft*, 11 California, 544.

The appellee has the right under § 19 of Art. XL of the constitution of the State of California, as amended October 10, 1911, to use the streets of the City of Pomona for its telephone system without a special franchise therefor from the city.

This section has been construed by the Supreme Court of California to be a direct grant, from the State, to the persons therein designated, and a city may not require the persons, to whom the grant is made, to obtain a permit from it, as a condition precedent to the exercise of the right granted by the constitutional provision. See *People* v. *Stephens*, 62 California, 209, 235; *In re Johnston*, 137 California, 115, 119; *Denninger* v. *Recorder's Court &c.*,

145 California, 638; *Stockton Gas Co.* v. *San Joaquin Co.*, 148 California, 313, 318; *San Francisco* v. *Oakland Water Co.*, 148 California, 331, 333; *People* v. *Los Angeles Gas Co.*, 150 California, 557; *Pugh* v. *McCormick*, 14 Wall. 361.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the appellee, a California corporation, to restrain the City of Pomona from removing the appellee's poles and wires from the streets of the city, and from preventing the appellee's placing further poles and wires in the streets. The Circuit Court dismissed the bill, 164 Fed. Rep. 561, but the decree was reversed and an injunction granted by the Circuit Court of Appeals. 172 Fed. Rep. 829. 97 C. C. A. 251. Two of the grounds originally relied upon were that the appellee, being a telegraph as well as a telephone company, had rights under the act of Congress of July 24, 1866, c. 230, 14 Stat. 221 (Rev. Stat., §§ 5263 *et seq.*), that were infringed, and that the conduct of the city had given rise to a contract. These are no longer pressed, but they warranted taking the case to the Circuit Court of Appeals. *Spreckles Sugar Refining Co.* v. *McClain*, 192 U. S. 397, 407. The remaining ground is that the constitution of California as amended in 1911, or the statutes of the State, contained a grant with which the Constitution of the United States does not permit the city to interfere. This is the only argument pressed here. Unless the appellee got a grant from one of these two sources it has no right to occupy the streets.

The claim based upon the amendment to Article XI, § 19, of the constitution of the State, October 10, 1911, does not impress us. Before that date the article provided that in cities having no public works for artificial light, etc., individuals or corporations of the State duly authorized should have the privilege of using the streets, etc., for the purpose, upon the condition that

the municipal government should have the right to regulate the charges.  By the amendment "any municipal corporation may establish and operate public works for . . . telephone service" either by construction or by purchase.  It then goes on, "Persons or corporations may establish and operate works for supplying the inhabitants with such service upon such conditions and under such regulations as the municipality may prescribe under its organic law, on condition that the municipal government shall have the right to regulate the charges thereof."  We agree with the appellants that the amendment seems intended as a step in the direction of municipal ownership or control.  The words 'upon such conditions,' etc., are not to be confined to police powers, which are conferred by § 11 of the same article, but are of general import.  If the municipal corporation does not see fit to establish the public works itself it may let others do it, but its power to impose conditions excludes the notion that the constitution alone is a grant to others of a right to occupy the streets without its consent.

The claim founded upon the statutes seems to us stronger.  By § 536 of the Civil Code "Telegraph corporations may construct lines of telegraph along and upon any public road or highway . . . and may erect poles . . . in such manner and at such points as not to incommode the public use of the road."  This is treated by the Supreme Court of California as a grant when acted upon.  *Western Union Telegraph Co.* v. *Hopkins*, 116 Pac. Rep. 557.  But as the words 'telegraph corporations' have been construed not to include telephone corporations; *Sunset Telephone & Telegraph Co.* v. *City of Pasadena*, 118 Pac. Rep. 796; a construction that we know no sufficient reason for not following; *Yazoo & Mississippi Valley R. R. Co.* v. *Adams*, 181 U. S. 580; *Richmond* v. *Southern Bell Telephone & Telegraph Co.*,

174 U. S. 761; the section until amended did the appellee no good. On March 20, 1905, however, the section was amended so as to include telephone corporations, so that, if that were all, the case of the appellee would be clear, the City of Pomona not having been organized under provisions of the constitution that withdrew certain cities from the operation of general laws. See *Ex parte Helm,* 143 California, 553; *Sunset Telephone & Telegraph Co.* v. *Pasadena,* 118 Pac. Rep. 796, 803.

But the amendment did not go into effect for sixty days, and two days later, on March 22, a franchise act was passed, to take effect immediately, providing that "every franchise or privilege to erect or lay telegraph or telephone wires, to construct or operate street or interurban railroads . . . or to exercise any other privilege whatever hereafter proposed to be granted" by the legislative body of any county, city and county, city or town, except telegraph or telephone lines doing an interstate business, should be granted upon the conditions specified in the act and not otherwise. "Any applicant for any franchise or privilege above mentioned" was required to file an application, there was to be an advertisement for bids, etc., with other particulars that need not be specified, as the appellee does not claim under this statute. It contends that this act establishes conditions only for counties, cities and towns, and does not qualify the grant from the State in the amended § 536. The appellant, on the other hand, argues that the franchise act repealed § 536, so far as it affects this case, except as to telephones doing an interstate business. In view of the frame of the act as a whole, of a general repealing clause at the end, naming certain exceptions of which § 536 is not one, and of the fact that the grant of such franchises seems generally to have been left to the local subdivisions concerned, *Sunset Telephone & Telegraph Co.* v. *Pasadena,* 118 Pac. Rep. 796, 803, we construe the words quoted as

of general application, and are of opinion that they cannot be supposed to have had the narrow operation that would be left to them if there were in force a grant from the State of almost universal scope. Until the state court shall decide otherwise we must take § 536 to have been repealed, subject to the exception contained in the later act, before any grant or right under it had accrued to the appellee.

We come then to consider the extent of the exception. This is not a question whether all telephones having the usual connections might not be instruments of commerce among the States; it is not a question whether the State could interfere with the local business of lines engaged in such commerce. It is a question of how far the offer of a grant that had not yet taken effect should be understood to have been left on foot by the repealing act; a question as to the meaning of words. In construing them it may be assumed that the exception was made unwillingly. No policy can be discovered that would be likely to induce the making of it, and it is most easily explained by the uncertainty then prevailing as to the power of the State over telegraphs, etc., running into other States, in view of the commerce clause of the Constitution and the act of July 24, 1866; an uncertainty then lately and since largely dispelled. *Western Union Telegraph Co.* v. *Pennsylvania Railroad Co.,* 195 U. S. 540. *Western Union Telegraph Co.* v. *Richmond,* April 1, 1912. The words to be interpreted are 'except telegraph or telephone lines doing an interstate business.' The qualification 'doing an interstate business' shows that not all telephones were expected to benefit by the grant in § 536, and the limitation is presumably substantial. The legislature probably supposed by mistake that it was bound to grant a right to direct through lines but evidently meant to grant no more than it must. It was understood so by the city. The order and threat of the city were confined to poles and wires

doing a state and local business. This appears by the bill and the finding of the Circuit Court, not disturbed above, as to what actually was done. We are of opinion that the city's interpretation was correct.

The result is that the appellee must be taken to have a grant of the right to keep its main through lines in the streets of Pomona, but not to maintain the posts and wires by which it connects with subscribers. So far as appears the city attacks only the latter, and therefore no present ground is shown for the bill. But as the line of distinction may be delicate and questions may arise the bill will be dismissed without prejudice.

> *Decree reversed.*
> *Bill to be dismissed without prejudice.*