# WASHINGTON SECURITIES CO. *v.* UNITED STATES.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 367. Argued May 7, 8, 1914.—Decided May 25, 1914.

Findings of fact concurred in by two lower Federal courts will not be disturbed by this court unless shown to be clearly erroneous.

A purchaser from a patentee is bound to take notice that the land was acquired under the homestead law when that appears in the patent, and if the other circumstances show that the purchase was made with knowledge that the land was known to be coal land when it was entered by the patentee, the purchaser must be deemed to have

taken with notice of the fraudulent obtaining of coal lands under the homestead law.

Where the application and proof of an entryman is strictly *ex parte*, the proceedings are not adversary, and while the findings of the land officer may not be open to collateral attack, they are not conclusive, but only presumptively right, against the Government in a suit to cancel the patent on the ground that it was obtained by fraud.

194 Fed. Rep. 59.

THE facts, which involve the validity of patents for lands issued under the homestead law and claimed by the Government to have been fraudulently obtained because the lands were known to be valuable for coal at the time, are stated in the opinion.

*Mr. H. R. Clise,* with whom *Mr. Charles Kennedy Poe* and *Mr. Charles Poe* were on the brief, for appellant.

*Mr. Assistant Attorney General Knaebel* for the United States.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a suit to cancel four patents issued under the commutation provision of the homestead law and embracing a full section of land in King County, Washington. The bill charged that the patents were fraudulently procured by falsely representing to the land officers that the lands were agricultural in character, and therefore subject to homestead entry, when in truth they were at the time known to be valuable coal lands and therefore excepted from the operation of the homestead law. After the patents were issued the lands were conveyed to the appellant, and there was a further charge that it took the title with notice and knowledge of the fraud. The Circuit Court found that these charges were true and entered

a decree for the Government; and the Circuit Court of Appeals, taking a like view of the evidence, affirmed the decree. 194 Fed. Rep. 59.

The rule is well settled that findings of fact concurred in by two lower courts will not be disturbed by this court unless shown to be clearly erroneous. *Stuart* v. *Hayden,* 169 U. S. 1, 14; *Towson* v. *Moore,* 173 U. S. 17, 24; *Dun* v. *Lumbermen's Credit Association,* 209 U. S. 20, 23; *Texas & Pacific Railway Co.* v. *Railroad Commission of Louisiana,* 232 U. S. 338. Applying the rule to the evidence in this case, we think the findings below should not be disturbed.

Only two of appellant's contentions merit special notice.

Without any uncertainty the evidence demonstrated that the lands were known to be valuable coal lands when the homestead entries were made and commuted, and that the affidavits and proofs to the contrary, upon which the patents were procured, were false. Not only were the lands in a well known coal region and generally reputed to be coal lands, but a tunnel, slope and other openings upon them, costing about $8,000, had disclosed that they contained coal of such quality and quantity as to render them valuable for coal mining. The entrymen so understood, and resorted to severe measures to keep coal prospectors off the lands.

The appellant's chief contention is, that there was no evidence, or at least no substantial evidence, that it took the title with notice or knowledge of the fraud perpetrated by the entrymen. But the record shows otherwise. The appellant's vice-president, who represented it in the negotiations, had theretofore, as agent of another company, learned that the latter was interested in the coal development work before mentioned and was, with others, bearing the expense of that work with a view to acquiring the lands as coal lands. This was recalled to his mind at the time of the negotiations. He caused the section to be

examined by an engineer, who found and reported the tunnel and other openings disclosing the coal, and, following that report, the transaction was consummated on the theory that the lands were valuable for their coal contents. There was no claim that there was any development work or coal discovery after the entries were made, and it is quite apparent from what was said of the engineer's report that the tunnel and openings gave visible evidence that they were not recently made. Of course, the appellant was bound to take notice that the patentees with whom it was dealing had obtained the lands under the homestead law, for it was so recited in the patents. *Simmons Creek Coal Co.* v. *Doran*, 142 U. S. 417, 437. In these facts there was, as we think, persuasive evidence that the appellant took the title with notice or knowledge of the fraud.

It is contended also that the proceedings resulting in the patents were not *ex parte* but adversary; that the land officers found the lands to be agricultural in character, and that this finding was conclusive upon the Government. No doubt those officers found from the proofs submitted to them that the lands were agricultural and not coal lands, for that was a prerequisite to issuing the patents, but the proceedings were not adversary in any true sense of the term. The applications and proofs of the entrymen were strictly *ex parte*. The Government was not called upon to make any adverse showing, no issue was framed, no hearing was had, and no one represented the Government save in the sense that the land officers did so. As this court has often held, the findings of the land officers in such a proceeding, although not open to collateral attack, are not conclusive against the Government when it sues to cancel the resulting patent upon the ground that it was obtained by means of false and fraudulent proofs. *United States* v. *Minor*, 114 U. S. 233; *McCaskill Co.* v. *United States*, 216 U. S. 504, 509, and cases cited. In such

a suit the action of the land officers is given appropriate effect by treating it as presumptively right and as requiring the Government to carry the burden of proving the fraud by that class of evidence which commands respect and that amount of it which produces conviction. *Diamond Coal & Coke Co.* v. *United States,* 233 U. S. 236, 239.

*Decree affirmed.*