### TRUJILLO & MERCADO v. SUCCESSION OF RODRIGUEZ.

(Circuit Court of Appeals, First Circuit.　April 18, 1916.)

#### No. 1139.

1. WATERS AND WATER COURSES ☞213—EXTENT OF RIGHT TO USE OF WATER —CONSTRUCTION OF GRANTS.

Decrees of the courts of Porto Rico affirmed, which held that two owners of land on a river both acquired their rights to the use of water therefrom through grants or concessions of the Executive Council, and that under such grants and the local statutes the lower proprietor was not given the right to the full amount specified in his grant under all conditions of water to the exclusion of the upper proprietor, and was not entitled to an injunction to enforce such claimed right.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 304; Dec. Dig. ☞213.]

2. APPEAL AND ERROR ☞1008(1)—REVIEW—FINDINGS OF FACT.

In the federal courts findings of fact will not be disturbed by an appellate court unless clearly shown to be erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955, 3956; Dec. Dig. ☞1008(1).]

3. COURTS ☞406(1)—FEDERAL COURTS—AUTHORITY OF LOCAL DECISIONS— PORTO RICO.

The principle of the rule of the federal courts, that decisions of the highest court of a state relating to such matters of local law as the construction of the Constitution and statutes of the state and the powers of its municipalities are controlling so long as their application involves no infraction of rights secured by the federal Constitution or laws, applies to the decisions of the Supreme Court of Porto Rico construing local statutes and concessions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. ☞406(1).]

4. WATERS AND WATER COURSES ☞87—USE OF WATER—INJUNCTION.

To justify a perpetual injunction in respect to the use of the waters of a public river, the right must be clearly proven and definitely established.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 77–81, 83, 89, 90; Dec. Dig. ☞87.]

Appeal from Supreme Court of Porto Rico.

Suit in equity by Trujillo & Mercado against the succession of Blas Rodríguez. Decree for defendant, and complainants appeal. Affirmed.

Hollis R. Bailey, of Boston, Mass. (Antonio F. Castro, of Ponce, P. R., on the brief), for appellants.

José A. Poventud, of Ponce, P. R., for appellee.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

---

ALDRICH, District Judge. In this case the plaintiffs ask for judgment and a perpetual injunction, and we have to consider the water rights of owners whose lands border upon the waters of the Guayanilla river, in Porto Rico.

The questions raised by the record do not relate to any supposed natural rights of riparian owners, but, with the single exception of a question of right by user, to rights based upon government concessions or franchises.

The questions of law and fact have been passed upon by the two local courts of Porto Rico, and while those courts were not created in the same way that the courts of our states were (the local District Court being appointed by the Governor with the advice of the executive council, the Governor having been appointed by the President with the advice and consent of the Senate, and the Chief Justice and the associate justices of the Supreme Court of Porto Rico having been appointed by the President with the advice and consent of the Senate, under the Act of Congress of January 28, 1915, U. S. Stat. at Large, vol. 38, p. 803, c. 22, annexing Porto Rico to the First Circuit), we accept the case and deal with it upon the same theory as that upon which the Supreme Court of the United States accepts and deals with cases coming up upon appeal from decisions of the highest courts of our various states.

[1] The plaintiffs, Trujillo & Mercado, are an agricultural firm, and own a plantation consisting of certain farms called "Rufina," "Faro," and "San Colombano." Trujillo & Mercado are an agricultural partnership which claims that it has succeeded to earlier rights granted to Guillermo Tirado, as the former owner of "Faro" and "San Colombano," and to Dionisio Torres, as the former owner of the estate of "Rufina."

The property of the defendant, succession of Blas Rodríguez, is in the ward of Jagua Alta, with one of its sides bordering upon the river, above the properties of the plaintiffs.

Cane is the principal product of all the properties in question, and there was a factory, or factories, on some of the properties. It is understood that the waters were taken from the river by the contending parties chiefly for purposes of irrigation, though it appears from the record that some part of it was used in connection with the running of the Rufina factory.

We do not understand that any substantial part of the water taken from the river was turned back into its channel; the water being used, for purposes of irrigation, was absorbed by the earth. This being so, the case does not present questions like those raised by riparian owners who under a right, which is pretty nearly a natural right in certain jurisdictions, may take water from rivers for manufacturing purposes, returning it to the channel without substantial diminution, that it may be used in turn by riparian owners below. Nor does it present questions altogether like some of those raised and decided in respect to the waters of the rivers of our Western states, where waters are diverted in some instances under riparian rights, and in others under

233 F.—14

grant for purposes of irrigation, and where rights between riparian owners depend upon the fact of reasonableness of use.

It was probably not the rule of Porto Rico, under the civil law, that a riparian owner might divert the entire waters of a public river, or that he might acquire a right to do such a thing by user, neither was it the common law that such a thing might be done. Water rights under our common law and statutory system depend largely upon the character of the river, character of adjacent lands, and the uses to which the waters are adapted and may be appropriated.

We assume that the river in question was one of a public character in the sense that its size was such as to make it subject to certain phases of public consideration. Indeed, the plaintiffs' position in respect to user and prescriptive right is based in one phase, upon article 149 (Rev. St. & Codes 1913, § 2535), of the Statutes and Codes of Porto Rico, in force March 9, 1911, which relates to public waters.

In 1907, the Executive Council conceded to Blas Rodríguez the right to take 40 liters per second from the waters of the River Guayanilla, and in 1908 the Executive Council granted to the plaintiff, under certain reservations, the right to take 183½ liters per second. Both of these grants or concessions were without prejudice to greater rights, and that of the plaintiffs had reference to relative rights.

The plaintiffs' broad contention is that they held old concessions supplemented by user, which gave them prior and superior rights, and if they failed to establish this, that they were at least to have the 183½ liters under all conditions if there was that much water in the river.

The local courts treated their old concession as not definitely proven, and their asserted right by user was not accepted as established, and, therefore, in effect, not within the meaning of article 190 of the Law of Waters (Rev. St. & Codes 1913, § 2576); and they viewed their later concession of 1908, which was without prejudice to prior rights, as not so far absolute, in the equitable sense, as to give them the 183½ liters under all conditions of water, regardless of the 40 liters conceded to Blas Rodríguez in 1907, on the river above.

If the plaintiffs' contention were to be broadly sustained, it would give them the entire use of the waters of the river at certain seasons and under certain drought conditions when the water is most needed by all.

It is to be supposed that the statute in question would not authorize an acquirement of the exclusive right to all the waters of a public river in one single ownership, under the doctrine of user. This, apparently, was the view of the Supreme Court of Porto Rico, and we think it the correct view.

The real question in the case relates to the quantity of water which the defendant may take from the Guayanilla river, and, while that is the immediate question, it is, of course, one subject to being influenced by the rights and uses of the plaintiffs in the waters of the river below.

The plaintiffs' claim is based upon the idea that they are entitled to have the exclusive right of all the waters of the river when needed for their purposes, and that they have this right either through the doctrine of user, or under their franchises or concessions.

Apparently the direct question of fact of reasonableness of use as between riparian owners was not directly raised, yet the District Court, it is to be inferred, had that question in view when it said it would be against all principles of law and justice to establish the plaintiffs' claim and perpetually enjoin the defendant.

The Porto Rican courts, after rejecting the idea of exclusive right by user, dealt with the controversy as one involving relative rights under concessions or franchises granted by the Porto Rican authorities. Whether this local view was originally based upon the idea of the civil law, or not, is quite immaterial, because it does not conflict at all with the law which obtains in some of our states and territories in respect to irrigation, and because under our system the right to take water and use it for purposes of irrigation is subject to regulation by the proper authorities.

The parties to this controversy, the administrative authorities, and the courts as well, apparently accepted the authority to grant concessions and franchises, authority formerly exercised by the Minister of the Interior and now by the Executive Council, as administrative and regulatory, and regulations thereunder, as in no sense conclusive of the rights of the parties; obviously deeming controversies as to ultimate substantive rights, in respect to waters, as something for judicial investigation and determination.

This is true as to the parties, because they both went before the administrative authorities to have the quantity of water regulated, and the plaintiffs, Trujillo & Mercado, not being satisfied with the uses made by the defendant, succession of Blas Rodríguez, instituted a proceeding in court, setting forth the full measure of their rights as they claimed them, and asking for an injunction.

The local courts of Porto Rico disposed of one phase of the case upon the ground that the old concession as claimed by the plaintiffs was not proven, and under their interpretation of the statutes that the plaintiffs had utterly failed to establish an exclusive right to the waters of the river.

It is quite reasonable to assume that the conclusion of both the District and Supreme Courts, under their interpretation of the local statutes and the concession or franchise granted to the defendant, involved a finding of fact that the uses exercised by him upon the river above were not so far unreasonable, when viewed relatively with respect to the rights of the plaintiffs upon the river below, as to justify a judgment and perpetual injunction against him.

Under the well-recognized rule which obtains in this court, in respect to findings of fact coming up from the federal District Courts, and which is supported by numerous decisions not necessary to cite, and under the rule existing in the Supreme Court that findings of fact in courts below will not be disturbed upon review unless found to be clearly erroneous, we see nothing in the record and evidence which would justify us in reversing the conclusion of the two local courts of Porto Rico. On the contrary, the situation would seem to be such that it would be inequitable to grant an injunction which would give the landowner below the exclusive use of the waters of the river at a

time when some part of its waters were needed by those above. In respect to such a river, unless a superior right, through grant or otherwise, is clearly and definitely shown, it would seem that a just distribution of its waters would be the more equitable view, and that appears to be the one which controlled the local courts.

[2] As to considerations which govern with respect to a review of questions of fact, it is quite sufficient to refer to a recent decision of the Supreme Court of the United States, where it is said:

"The rule is well settled that a finding of this nature will not be disturbed upon review here unless clearly shown to be erroneous." Bank of Athens v. Shackelford, Trustee, 239 U. S. 81, 36 Sup. Ct. 17, 60 L. Ed. 158.

See, also, Villanueva v. Villanueva, 239 U. S. 293, 36 Sup. Ct. 109, 60 L. Ed. 293; Washington Securities Co. v. United States, 234 U. S. 76, 78, 34 Sup. Ct. 725, 58 L. Ed. 1220; Stuart v. Hayden, 169 U. S. 1, 14, 18 Sup. Ct. 274, 42 L. Ed. 639.

[3] So far as this case is concerned with questions relating to the interpretation of Porto Rican statutes and concessions, we are governed by the principle of the long-established rule obtaining in the Supreme Court of the United States in respect to questions of interpretation raised upon appeal, and by writ of error, from the highest courts of the various states, and the rule is this: That the decisions of the highest court of a state relating to such matters of local law as the construction of the constitution and statutes of the state, and the powers of its municipalities, are controlling so long as their application involves no infraction of right secured by the Constitution of the United States, or its laws. Trust Co. v. City of Omaha, 230 U. S. 100, 33 Sup. Ct. 967, 57 L. Ed. 1410; Smiley v. Kansas, 196 U. S. 447, 455, 25 Sup. Ct. 289, 49 L. Ed. 546; City of Pomona v. Company, 224 U. S. 330, 343, 32 Sup. Ct. 477, 56 L. Ed. 788; Villanueva v. Villanueva, 239 U. S. 293, 299, 36 Sup. Ct. 109, 60 L. Ed. 293.

[4] It is a principle of equity that to justify a perpetual injunction in respect to the use of the waters of a river that the right must be clearly proven and definitely established. The Porto Rican courts evidently looked upon the plaintiffs' case as one not answering the requirements of this principle of equity. The District Court of Porto Rico dismissed the application for a perpetual injunction, and that judgment or decree was affirmed by the Supreme Court of that Island, and we see no reason for disturbing the result.

We think the affidavit of José Trujillo Piza, against which no counter affidavits were directed, should be accepted as establishing the amounts or values in controversy sufficient to create the right of appeal.

The judgment or decree of the Supreme Court of Porto Rico is affirmed, and the appellee recovers costs of this appeal.