FULLER et al. v. REED et al.

(Circuit Court of Appeals, First Circuit. June 16, 1917.)

No. 1209.

1. APPEAL AND ERROR ⬅1009(1)—REVIEW—FINDING OF FACT.
  Where the witnesses appeared before the judge of the lower court, a finding of fact in an equity suit will not be disturbed on appeal, unless it clearly appears to be wrong, because of the superior opportunity of the lower court to determine the question of the witnesses' credibility.

2. PATENTS ⬅200—CANCELLATION OF ASSIGNMENT—EVIDENCE—SUFFICIENCY.
  In a suit to avoid an assignment of a patent on the ground of fraud, evidence *held* insufficient to establish the alleged fraud.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Bill by Charles D. Fuller and others against Philip L. Reed and others. From a decree dismissing the bill (229 Fed. 737), complainants appeal. Decree affirmed.

Thorndike Saunders, of New York City, for appellants.

Philip C. Peck, of New York City (J. Sidney Stone, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, Circuit Judge, and ALDRICH and MORTON, District Judges.

MORTON, District Judge. [1] The misrepresentations relied on by the complainant to avoid the assignment from Thurston are alleged to have been made orally by Calder to Thurston at the interview between them. The only persons in a position to testify to what then occurred were Thurston, Calder, and Thurston's niece, Rose Thurston. All three were examined and cross-examined before the learned judge who heard the case in the District Court. The only substantial question before us is whether his refusal to accept the testimony of Thurston and Rose Thurston (which in the vital parts was contradicted by Calder), as establishing fraud, was erroneous. He had so much better opportunity than this court to judge correctly the accuracy and credibility of the various witnesses that, on familiar and established prin-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ciples, his conclusions will not be disturbed unless they are clearly wrong. Trujillo & Mercado v. Rodriguez, 233 Fed. 208, 212, 147 C. C. A. 214 (C. C. A. 1st Cir.).

[2] Thurston was, when he testified, nearly 80 years old, and of greatly impaired health. His appearance and manner on the stand were obviously of unusual importance in considering his testimony. Rose Thurston does not claim to have been a participant in the conversation between her uncle and Calder; she had no pecuniary interest in the matter under discussion, and was not familiar with it; she was admittedly out of the room part of the time; and her attention was not sharply recalled to the talk until almost 2 years after it occurred. The difficulties which actual participants in a conversation experience in correctly restating it after a considerable lapse of time is well known. The difficulty and uncertainty are greatly increased in the case of a person not directly interested, not participating, and not continuously present during the whole talk. There were important differences between the account given by Thurston and his niece of the interview between him and Calder, and that given by Calder. The opinion of the learned judge in the District Court shows that he considered the testimony with the most painstaking care and was not satisfied that material and fraudulent misrepresentations were made by Calder.

We cannot say that he was clearly wrong in so deciding. While several things suggest that Calder's testimony ought to be received, as it was received, with caution and with sharp scrutiny, there are circumstances which tend to disprove the complainant's assertions of fraud. The most important ones are noticed in the opinion of the District Court. Moreover, the alleged misrepresentation that "Calder came from Fuller," or "was sent by Fuller" (which is the one now principally relied on in argument by the complainant), does not touch either the value of the patent, or the consideration paid therefor; in other words, it did not directly enter into the bargain which Thurston made. There is no evidence, and indeed it is not claimed, that Calder represented himself as the agent of Fuller. Thurston admittedly understood which patent he was selling, and received the full agreed price.

The alleged misrepresentations by Calder as to the length of time which the patent had to run were disposed of by the trial judge's finding that a copy of it was shown to Thurston at the interview—a finding which is by no means so plainly erroneous that we can reject or disregard it. The remaining misrepresentations charged by the complainant relate, speaking generally, to alleged statements by Calder bearing on Thurston's right to assign the patent, and are adequately dealt with in the opinion of the District Court.

Undoubtedly, the aged and infirm inventor was no fair match in trading for an experienced and able negotiator in the prime of life. But superior strength and ability do not imply dishonesty, and the bill is founded on fraud. It does not allege either that Thurston was mentally incapable, or that he was coerced or unduly influenced by Calder; the evidence would not sustain such allegations if made. This aspect of the case received careful and considerate attention from the trial

judge. If Thurston had been Calder's equal in health and ability, the claim that he had been defrauded would, upon the evidence before us, be so obviously unfounded as to require little discussion. Upon this phase of the case, and also upon the question of gross inadequacy of price, we agree with the opinion of the District Court.

The decree dismissing the bill is affirmed, with costs to the appellees.