MARIO MERCADO E HIJOS, Appellant, *v.* PUBLIC SERVICE COMMISSION, Appellee. JESÚS STELLA RODRÍGUEZ, TODAY HIS HEIRS, Interveners and Appellees.

No. 10516. Argued April 1, 1952.—Decided June 27, 1952.

*R. Rivera Zayas, G. Rivera Cestero, Milton F. Rúa* and *Pedro M. Porrata,* for appellant. *Leopoldo Tormes García* for interveners, appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On April 2, 1941, Jesús Stella Rodríguez and his wife Consuelo Marcucci appeared before the Public Service Commission with a petition in which they alleged being owners of five rural farms having a combined total area of 42.28 cuerdas, that the properties are adjacent to one another, form a single unit, are devoted to the growing of sugar cane and have no water concession for irrigation purposes; that the Utilization of the Water Resources [1] has been gauging the river above the water connections of the Sociedad Mario Mercado e Hijos and, given the quantity of water which usually flows in the Guayanilla River, their request could be granted without prejudice to any one; and that the only existing concessions in said river and which are higher up the place where they wish to make the connection are an authorization to take 183½ liters of water per second to irrigate 600 cuerdas, more or less, of the farms known by the names of Faro, San Colombano and Rufina, belonging to the Sociedad Civil Agrícola Mario Mercado e Hijos, and another authorization to obtain 40 liters of water per second to irrigate 30 cuerdas of a farm located in the Jagua Alta ward of the municipality of Guayanilla having an area of 150 cuerdas, which formerly belonged to Blas Rodríguez and today to the aforesaid *sociedad.* They request that after all legal proceedings the Commission enter an order authorizing them to take 13 liters per second of the waters of the said river in order to irrigate the aforesaid 42.28 cuerdas.

The Sociedad Mario Mercado e Hijos appeared as an interested party, denied the essential facts of the petition and advanced as special defenses: that from 1847 until the

---

[1] The actual name of that agency nowadays is Puerto Rico Water Resources Authority. Act No. 83 of May 2, 1941 (Sess. Laws, p. 684).

present time it has been enjoying the waters of the Guaya-
nilla River, that from time immemorial, that is, even prior
to 1850, its predecessors and it have been in the use and
possession of all the waters of the aforesaid river to irrigate
over 1500 cuerdas; that the Commission lacks jurisdiction to
entertain the foregoing petition, inasmuch as the petitioner
has not complied with the requirements established by law
and the regulations of the Commission and, moreover, be-
cause since it has been in the use and enjoyment of the waters
of said river from time immemorial the Public Service Com-
mission can make no concession thereof.

The issue being thus joined, the Public Service Commis-
sion held protracted hearings during which the petitioners,
as well as the opposing party, offered abundant oral and
documentary evidence. Thereafter the Commission entered
an order granting the petition under the terms and condi-
tions stated in the franchise it granted. The opposing *socie-
dad* appealed under § 78 of Act No. 70 of December 6, 1917
(Vol. II, Sess. Laws, pp. 432, 526). The District Court of
Puerto Rico, San Juan Section, after hearing the parties,
rendered judgment on March 26, 1951,[2] affirming the order
of the Public Service Commission. Once more Mario Mer-
cado e Hijos appealed. In support of its appeal it alleges
now in this Court that the lower court erred: (1) in holding
that the Commission, upon granting the franchise, failed

---

[2] The lower court began its opinion by giving the reasons for the
delay in the final disposition of the case. Textually copied, those reasons
follow:

"Although this appeal was taken in July 1942, several years elapsed
before the same was perfected. On October (3), 1945, all the interested
parties who appeared filed a stipulation submitting the case to the con-
sideration of and for decision by the Court by means of briefs to be
subsequently filed. Appellant's brief was filed March 25, 1946. Never-
theless, the case remained pending until a hearing, for the first time
before us, was set for September 28, 1950. We gave the interveners 10
days to file their brief and, likewise, 30 days to the respondent Commis-
sion. On February 2, 1951, on which date these briefs were filed, the
case was submitted to us, ready for consideration and decision."

to take into consideration and decided the question, which is of the exclusive jurisdiction of the court, to the effect that the appellant had obtained by prescription the use of the available waters of the Guayanilla River, since it had enjoyed them without the authority or third persons objecting thereto, for a period of more than 20 years; (2) in upholding the validity of the admission by the Commission of impertinent, irrelevant and incompetent evidence consisting in certificates issued by officials without authority therefor, in connection with hydrometric operations or so-called gauges in the Guayanilla River by the extinct Utilization of the Water Resources of Puerto Rico, which are neither public documents nor true and faithful copies of the original of the public documents, or entries in public or official books or records made pursuant to law; (3) in upholding the validity of the action of the Commission ordering that the case be reopened after the trial had been definitively closed and ended; (4) in upholding the validity of the action of the Commission denying the opposing party a reasonable opportunity to examine and present the remainder of the so-called gauges presented by the petitioners and amended by the latter after the case had ended, in order that the Commission might have full knowledge thereof; (5) in upholding the order of the Commission granting the franchise based on a petition altogether insufficient in law and, hence, without jurisdiction; and (6) in dismissing the appeal and not reversing the order of the Commission.

■ The errors assigned were not committed. As to the first one it is enough to say that in its order of June 30, 1942, by virtue of which it granted the petition, the Public Service Commission clearly and emphatically stated that it was not the one called upon to decide the issue of prescription raised by the opposing party. Its textual words in this connection were:

"Applying the very averments and citations of the opposing party, it may be said that the Public Service Commission is not the one called upon to decide whether this or another person possesses by prescription certain waters, such function belonging to judicial tribunals, that is: that since the opposing party has certain administrative concessions for certain waters and alleges, most properly, that the Commission has no authority to determine any right acquired by prescription on the basis that it is a judicial and not an administrative question, the Commission can hardly refuse to give the remaining water to other persons in need of them merely because it is claimed that, besides having a concession for a certain amount of water, the opposing party should be respected as to the remaining water on the ground that it was acquired by the uninterrupted use for more than 20 years. Decision of such question is judicial and, as claimed by the opposing party, does not rest with the Public Service Commission." [3]

We shall discuss jointly the second, third and fourth assignments. The appellants themselves do likewise. Since the Public Service Commission is an administrative body—*In the matter of the White Star Bus Line, Inc.*, 53 P.R.R. 586, 591—when, as here, it exercises quasi judicial functions, it is exempt from the rules of evidence and procedure which govern the courts. 36 Harv. L. Rev. 405 and 583, and 55 Harv. L. Rev. 364. Its admission or rejection of improper evidence, however, is a reversible error only when its action has prejudiced any fundamental rights of the parties. *In the matter of Herminia Colón de Semidey*, 59 P.R.R. 247; *Santiago v. P. S. Comm. et al.*, 37 P.R.R. 467;

---

[3] Regarding the question thus raised by the opposing party, see § 254 of the Law of Waters (Rev. Statutes, 1911, §§ 2387, 2640); *Trujillo & Mercado v. Suc. of Rodríguez*, 22 P.R.R. 277 wherein we said:

"We think the appellants utterly failed to establish an exclusive right to the waters of the river Guayanilla or that they proved anything more than that they had been conceded a right to take water from such river.

". . . . . . . . .

". . . the complainant's clear right to take 183½ liters per second only arose in 1908 by concession from the Executive Council."

*Trujillo, Mercado & Co. v. Rodríguez*, 16 P.R.R. 120, 127; *Trujillo & Mercado v. Succession of Rodríguez*, 233 F. 208. *Cf. People v. Rojas*, 53 P.R.R. 115, 129; *The People v. Dimas et al.*, 18 P.R.R. 1019.

*Nor. Pacific* v. *Dept. Public Works*, 268 U. S. 39, 69 L. ed. 836. We do not think that the admission in the instant case of the aforesaid certificates, constituted an error prejudicial to the opposing party. Furthermore, it appears from the record that the opposing party had an ample opportunity to examine said certificates and to present in opposition any evidence it might have wished.

■■ Nor did the lower court err in deciding that the Commission acted correctly in authorizing the reopening of the case in order to permit the petitioners to present certificates of the gauges which, in their opinion, were more in conformity with law. Indeed the only addition introduced to the certificates previously submitted was the word "faithful," so as to read that said certificates were "a true and *faithful* copy of a part of the original." In all other respects the new certificates were identical with the former. The power to reopen a case in order to give a party an opportunity to elaborate his evidence falls entirely within the sound discretion of the trial court or administrative or quasi judicial body trying the issue. *Franceschi* v. *Claudio*, 51 P.R.R. 479. The reopening of the case having been limited to the offering of the amended certificates, the subscriber of the new certificates having taken the witness stand and the opposing party having had the opportunity to cross-examine him, as it did, in connection therewith, we do not think either that the court *a quo* erred in holding that the Commission did not abuse its discretion in reopening the case and admitting the amended certificates in evidence. See *Camacho* v. *Balasquide*, 19 P.R.R. 564, 576; *U. S.* v. *Abilene & Co. Ry. Co.*, 265 U. S. 274, 68 L. ed. 1017.

■ Once the amended certificates were admitted, the opposing party moved for a six-week period to make a detailed and thorough study of all the gauges of the Water Resources in the Guayanilla River. The Commission refused to comply with this and was willing to give the opposing

party five days only. The upholding of this denial of the Commission, as we have seen, serves as a basis of the fourth assignment. As noted, the hearings before the Commission were quite prolonged. The application for the franchise was filed April 2, 1941. Hearings were held on May 14, 1941; January 8, 9, 20 and 22; February 2, 3, 4, and 13; April 24; May 26; and June 2, 1942. It was not until this last date that the opposing party requested the aforesaid six-week period to make a detailed and thorough study of all the gauges. The record shows that during the hearings the Commission was quite liberal with the parties and that said hearings were needlessly prolonged because of said liberality. Also, that almost from the beginning of the hearings the opposing party was aware of the fact that the petitioners would offer in evidence, as they did, certificates regarding the gauges, and that it was not until after the case had ended and been reopened that the opposing party insisted in the additional term it requested. We do not think, indeed, that the lower court erred in upholding the action of the Commission in this connection.

■■ Finally, a perusal of the petition originally filed with the Commission fails to convince us that it was insufficient in law. On the contrary, we think that it is clearly worded and duly sets forth the right claimed. Moreover the authority of the Commission to entertain such petition for a franchise is undeniable. *Baetjer* v. *District Court*, 58 P.R.R. 426, 431; *Landrón* v. *Quiñones*, 52 P.R.R. 82; *Santiago* v. *P. S. Comm. et al.*, *supra*.

In view of the foregoing considerations the sixth error assigned was not committed either.

The judgment appealed from will be affirmed.

Mr. Justice Negrón did not take part in the decision of this case.