HENNA et al. v. SAURI & SUBIRA et al.

(Circuit Court of Appeals, First Circuit. November 10. 1916.)

No. 1170.

1. APPEAL AND ERROR ⟨key⟩878(1)—REVIEW—QUESTIONS.PRESENTED FOR REVIEW.
Where defendants, who had judgment below, did not appeal from a ruling adverse to one of their contentions, such ruling cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573, 3574; Dec. Dig. ⟨key⟩878(1).]

2. MORTGAGES ⟨key⟩295(4)—EQUITY OF REDEMPTION—CONVEYANCE.
Holders of a first mortgage, desiring to foreclose, agreed to pay the mortgagors fixed sums in consideration of an agreement not to obstruct foreclosure, and to transfer their rights, if any, to the mortgagees, the first payment to be made on the day the mortgagees should take possession after and by virtue of the foreclosure. Held that, as the agreement was not to be effective for any purpose until foreclosure proceedings should have vested the mortgagees with title, the agreement did not amount to a conveyance of the equity of redemption, with which the title of the first mortgagees would merge, precluding foreclosure as against a second mortgagee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 821; Dec. Dig. ⟨key⟩295(4).]

3. MORTGAGES ⟨key⟩505(1)—FORECLOSURE—UPSET PRICE.
The Mortgage Law of Porto Rico of 1893 (Rev. St. & Codes Porto Rico 1913, p. 1063 et seq.) requires as to mortgages previously recorded, wherein no definite value was fixed by agreement of the parties for the mortgaged property to serve as a basis for sale in case of foreclosure, that such value should be established either by a public instrument, or by appraisal in the foreclosure proceedings under direction of court. Mortgages recorded prior thereto recited that the properties were worth fixed amounts, but did not indicate that the parties had agreed to those amounts as fixing a value for the purpose of foreclosure. Held, that the values recited in the mortgages did not constitute an upset price for the purpose of foreclosure sale, so such price was properly fixed by appraisal under direction of court.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1501; Dec. Dig. ⟨key⟩505(1).]

4. COURTS ⟨key⟩405(14)—ASSIGNMENTS OF ERROR—SEPARATE ASSIGNMENTS.
Under court rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), declaring that the plaintiff in error shall file with his petition for a writ of error an assignment of errors, which shall set out separately and particularly each error asserted, several errors should not be grouped in one assignment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⟨key⟩405(14).]

5. COURTS ⟨key⟩405(3)—REVIEW—QUESTIONS OF LOCAL LAW.
A determination by the Porto Rico Supreme Court that there had been such a compliance with the provisions of the Porto Rico Mortgage Law of 1893 relating to notice of time and place of sale that the foreclosure proceedings should not be set aside, relating to a question of purely local law, will not be disturbed by the Circuit Court of Appeals for the First Circuit, unless clearly erroneous.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1099; Dec. Dig. ⟨key⟩405(3).]

Appeal from the Supreme Court of Porto Rico.

Suit by Emilia-Victoria Henna and others against Sauri & Subira and others. A judgment for defendants was affirmed by the Supreme Court of Porto Rico, and plaintiffs appeal. Affirmed.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Jose A. Poventud, of Ponce, Porto Rico, for appellants.

Hollis R. Bailey, of Boston, Mass. (A. F. Castro, of Ponce, Porto Rico, on the brief), for appellees.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

DODGE, Circuit Judge. This suit in equity was begun August 19, 1912. The relief sought was the avoidance of foreclosure proceedings in the court of first instance of Ponce, begun in November, 1897, and completed during the year 1898. There was an order by said court on January 1, 1898, for a public sale of the mortgaged real estate, and also, later in 1898, an adjudication thereof to Sauri, Subira & Co., holders of the two mortgages foreclosed and purchasers at the sale. The proceeds of the sale having been insufficient to pay the amount due on the two mortgages foreclosed, there was a subsequent order for the cancellation, as an incumbrance of record, of a third mortgage upon the property sold, held at the time by one Rosaly, since deceased, whose rights under it passed, as is not disputed, to the plaintiffs in said suit in equity, appellants in this court. Besides asking that the foreclosure proceedings be declared void, they asked that said third mortgage be reinstated.

[1] Rosaly lived in England, and died there in 1906. That the plaintiffs' rights have been lost by his or their delay in enforcing them, amounting to 14 years in all, is not claimed in this court. The district court for the judicial district of Ponce, wherein this suit was begun, held that under section 1865 of the Porto Rico Civil Code a suit like this was not "prescribed" until after 15 years had expired, and from this ruling the defendants took no appeal.

The district court held that no ground for invalidating the foreclosure proceedings had been established, and this result was affirmed on appeal by the Supreme Court of Porto Rico. Thereupon the plaintiff appealed to this court.

The two mortgages foreclosed by Sauri, Subira & Co. dated from 1880 and 1885, respectively, and were given by two brothers Oppenheimer. That given in 1880 covered two properties, called "Aguas Prietas" and "Consuelo Vayas." That given in 1885 covered the same properties and also another called "Isabel." Sauri, Subira & Co. were not the original mortgagees, but had become owners of both mortgages before instituting the foreclosure proceedings. The Oppenheimers had also given the third mortgage here in question upon the two properties first above mentioned, and Rosaly had become its owner before the foreclosure proceedings. It did not cover the property "Isabel."

The sums secured by their two mortgages remaining unpaid after demand, Sauri, Subira & Co. had, before beginning their foreclosure proceedings, agreed in writing with one of the Oppenheimers and with the widow of the other, who had succeeded to some part, at least, of her deceased husband's rights in the three properties, to pay certain sums for a transfer of all their rights, if any, in the mortgaged properties, and for their agreement not to obstruct or oppose foreclosure of said two mortgages. Part of said sums was agreed to be

paid on the day Sauri, Subira & Co. should take possession after and by virtue of the foreclosure; the remainder at a later time. But no part of said agreed sums was to be paid, nor, according to its terms, was the agreement to be effective for any purpose, until the foreclosure proceedings should have vested Sauri, Subira & Co. with title to the properties covered by the mortgages.

[2] Both courts in Porto Rico have agreed in rejecting the plaintiffs' contention that these agreements with the Oppenheimers extinguished Sauri, Subira & Co.'s mortgage titles and left them with no basis for any foreclosure proceedings. We find no error in this result. There had been no conveyance to Sauri, Subira & Co. of any rights belonging to the Oppenheimers in the mortgaged properties, and therefore no merger of rights, prior to the foreclosure. The agreements had no further effect than to put Sauri, Subira & Co. in position to obtain a full release of all possible adverse rights, should they so desire, which might remain in the Oppenheimers after the foreclosure proceedings. In case any one else became owner of the properties through said proceedings, Sauri, Subira & Co. would want no such release, and the agreement was in such case to go for nothing. This disposes of assignment of error II.

[3] The foreclosure proceedings were subject to the provisions of the reformed Mortgage Law of Porto Rico, which went into effect in 1893. This required, as to mortgages previously recorded wherein no definite value was fixed by agreement of the parties for the mortgaged property to serve as a basis for the sale in case of foreclosure, that such value should be established either by "a public instrument," or by appraisal in the foreclosure proceedings under the direction of the court. The latter course was followed in these proceedings; application being made to the court for appraisal of the properties January 10, 1898. The appellant contends that the mortgages themselves fixed the values by agreements therein between the parties thereto. The appraisal fixed a value considerably less than that which, according to the appellants, had been fixed in the mortgages themselves, and this value became, under the Mortgage Law, the upset price at which the properties were to be offered for sale. If there had been a value expressly agreed for the purpose in the mortgages, its amount would have been treated as the upset price. Both courts in Porto Rico held that, although the mortgages recited that the properties were respectively worth certain amounts, they did not indicate that the parties had agreed on those amounts as fixing a value for the purpose stated above. That they did not expressly so agree is undeniable. Whether such an agreement could be implied from their terms is a question of construction, upon which we do not find sufficient grounds for differing with the conclusion of both courts which have passed upon it. This disposes of assignment of error III.

[4, 5] Assignments of error IV, V, and VI relate to certain alleged defects in the foreclosure proceedings, and complain that there was error in not holding said proceedings void because of them. The facts here involved were not in dispute.

Public notice of the time and place of sale, to be given by posting and publication, was ordered. Such notices were required by the Mortgage Law (article 128, par. 3) to contain "a statement of the titles of ownership" of the property sold. In these notices the names of the properties and their owners were stated, also the acreage of each, and the value of each as fixed by the above appraisal. It was further stated that the deeds might be found in a certain office. But neither the boundaries of the properties nor the wards wherein they lay were specified, and the plaintiffs' contention was that therein the notices failed to satisfy the requirements of law (assignment IV). A further alleged error specified in this assignment, which ought to have been separately assigned according to rule 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii) is referred to below.

The notices contained the statement that there were no rights recorded against the properties, subsequent to those existing by virtue of the two mortgages being foreclosed. The statement was not true, as appeared from the foreclosure petition filed by the mortgagees themselves, which had annexed to it a registrar's certificate distinctly showing Rosaly's mortgage to be of record as a subsequent incumbrance. There was, however, no claim that the incorrect statement was made for any dishonest purpose or got into the notices otherwise than by inadvertence. The plaintiffs contended that it prejudiced Rosaly's rights and was a failure to comply with article 172, par. 2, of the Mortgage Law, which required the names of persons interested under subsequent incumbrances and not already notified to be stated in the notices of sale. (Assignment of Error V.)

The notice of sale issued was published in the Gazette, March 4, 5, and 6, 1898. The sale was on March 18th. Article 128, par. 3, of the Mortgage Law provided that "the sale shall take place 20 days after the publication of the notice." No complaint that the sale was made on insufficient notice was ever made by the mortgagors, but the plaintiffs contended that as to Rosaly the failure to allow 20 days made the proceedings void. (Assignment of Error VI.)

The notice was posted in the municipality of Ponce, within which the properties lay, on the doors of the court building and of the office of the clerk; the usual places for posting such notices, according to the evidence, under such circumstances. There were no notices posted in the particular wards within which the properties lay, and it did not appear that there were any usual places for such posting within said wards. The Mortgage Law, or the regulations for its execution (article 172), required posting "in the customary places where the proceedings are being had and where the property is situated." The plaintiffs contend that this requirement had been insufficiently complied with (Assignment of Error IV); but this alleged error is not insisted on in the brief filed here on their behalf.

Both courts in Porto Rico agreed in considering the alleged defects specified in the above assignments IV, V, and VI insufficient to invalidate the foreclosure proceedings or warrant the relief sought by the plaintiffs' bill. Rosaly was found to have had due notice of the proceedings, and although they disputed this finding in the Supreme

Court of Porto Rico, the plaintiffs have not assigned it as error in this court. With regard to the alleged failure to set forth the "titles of ownership" in the notice, both courts held that enough having been set forth to identify the properties to be sold, and their owners, and to inform any one interested where all further particulars could be learned, it did not make the notices defective. With regard to the incorrect statement as to subsequent incumbrances, both courts held that Rosaly could not complain of it as a want of due notice to him, and that it did not tend to prejudice him by preventing bidding at the sale. With regard to the failure to publish 20 days before the sale, both courts held that the mortgagors might waive it, and that, in the absence of any proof of actual damage to him thereby, it gave a subsequent mortgagee no right to invalidate the proceedings because of it. With regard to the failure to post notices in the wards, both courts held that the law did not require such posting and had been complied with by the posting in the usual places.

How far the alleged defects relied on affected the validity of the proceedings in 1898, and to what extent Rosaly's successors were entitled to take advantage of them in 1912, were questions of purely local law; and the action taken by the court below regarding them is to be upheld except upon conviction of clear error committed. Cardona v. Quinones, 240 U. S. 83, 88, 36 Sup. Ct. 346, 60 L. Ed. 538. The plaintiffs fail to satisfy us that any such clear error has been committed.

The above conclusions dispose also of assignments I and VII. They leave for consideration only assignments VIII and IX, which raise only questions as to costs, the action regarding which was discretionary with the court below; and nothing is found in the record indicating any abuse of such discretion. Other errors are asserted in the brief filed here by the appellants, but, there being no assignments of error relating to them, they are not entitled to consideration.

The judgment of the Supreme Court of Porto Rico is affirmed, and the appellees recover costs of this appeal.