MARTINEZ v. MENDEZ.

(Circuit Court of Appeals, First Circuit. March 10, 1919.)

No. 1350.

1. JUDGMENT ⬅647—CONCLUSIVENESS—DECLARATION OF HEIRSHIP—EX PAR-TE PROCEEDING.

A decree declaring one sole heir of deceased, being obtained in an ex parte proceeding under Rev. St. Porto Rico 1913, § 1558, is conclusive, if at all, against natural children, in their subsequent proceeding for a declaration of heirship, only to the extent it declared him an heir, entitled to the share given him by law.

2. JUDGMENT ⬅672—PARTIES BOUND—INTERVENERS.

Proceeding for declaration of heirship of minors was made adversary, with the result that the judgment was binding, by one claiming sole heirship, but not made a party, intervening under Rev. St. Porto Rico 1913, § 1559, and being accorded full opportunity to litigate the question.

3. EVIDENCE ⬅332(1)—DETERMINATION OF HEIRSHIP—DECREE AS TO AC-KNOWLEDGMENT OF NATURAL CHILD.

A decree in an adversary proceeding, declaring minors acknowledged natural children of deceased, though not recorded in the civil registry, as provided by Rev. St. Porto Rico 1913, §§ 235, 3388, 3389, is admissible in a proceeding for declaration of heirship of the minors and conclusive against one who was party to the prior proceeding; section 3390 permitting other evidence than the record in the registry to be admitted "when a litigation is instituted before the courts."

4. DESCENT AND DISTRIBUTION ⬅71(2)—ESTABLISHMENT OF HEIRSHIP—LIMI-TATIONS.

Where legitimate son of intestate obtained, in September, 1912, a decree in an ex parte proceeding declaring he was the sole heir ab intestate of his father, and in a later adversary suit against the legitimate son a decree was entered that certain minors were the acknowledged natural children of such decedent, which decree was affirmed in June, 1916, the right of the minors to bring petition, pursuant to Rev. St. Porto Rico 1913, § 1558, to be declared heirs ab intestate of the decedent had not prescribed in October, 1916, under section 5124, assuming its applicability, since the minors were not in position to institute the proceeding prior to June, 1916, when judicially declared acknowledged natural children.

5. BASTARDS ⬅101—INHERITANCE BY—ACKNOWLEDGED CHILDREN.

Under Rev. St. Porto Rico 1913, §§ 3886, 3983, 4001, 4009, legally acknowledged natural children are heirs in the intestate succession of their natural father, entitled to portion half that of a legitimate child left by him.

6. COURTS ⬅359—APPEAL FROM SUPREME COURT OF PORTO RICO—FOLLOWING DECISION BELOW—LOCAL LAW.

The conclusion of the Supreme Court of Porto Rico as to construction of provisions of local laws as to heirship not being clearly wrong should be affirmed.

Appeal from the Supreme Court of Porto Rico.

Petition by Cecilia Mendez for declaration of heirship of her children, as acknowledged natural children of deceased. Victor P. Martinez y Gonzales intervened in opposition, and from a decree of the Supreme Court of Porto Rico, affirming a judgment of the district court adverse to him, he appeals. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Victor P. Martinez, of San Sebastian, Porto Rico, for appellant.

Carlos Franco Soto, Juan B. Soto, and Hugh R. Francis, all of San Juan Porto Rico, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the Supreme Court of Porto Rico declaring Pedro Angel and Laura Maria Mendez, minors, heirs ab intestate of Victor Martinez y Martinez.

It appears that Victor Martinez y Martinez was the father and common ancestor of the appellant, Victor P. Martinez y Gonzales, and the two minor children; that he died intestate, and that, at the time of his death, August 26, 1912, resided in San Sebastian, in the judicial district of Aguadilla; that on September 27, 1912, the appellant, who was the legitimate son of Victor, obtained a decree in an ex parte proceeding in the district court of Mayaguez declaring that he was the sole heir ab intestate of his father; that on January 4, 1915, in an adversary suit brought against Victor P. Martinez in the district court of Aguadilla, the minor children, Pedro Angel and Laura, were decreed the acknowledged natural children of their deceased father, which decree was affirmed on appeal to the Supreme Court of Porto Rico June 24, 1916; that on October 31, 1916, Pedro Angel and Laura, represented by their mother Cecilia Mendez, brought a petition pursuant to section 19 of an act relating to special legal proceedings (Revised Statutes of Porto Rico, § 1558) in the district court of Aguadilla, asking that Pedro Angel and Laura be also declared heirs ab intestate of Victor Martinez y Martinez; and that January 26, 1917, the district court of Aguadilla entered a decree declaring Pedro Angel and Laura heirs ab intestate of the deceased Victor and entitled to the portion assigned to them by law. It further appears that the appellant, Victor P. Martinez, not having had notice of the proceeding for the declaration of heirship in favor of Pedro and Laura before the decree was entered, on March 14, 1917, in pursuance of section 20 of an act relating to special legal proceedings (Revised Statutes of Porto Rico, § 1559), intervened in the cause and filed a "motion in opposition," praying for the annulment of the decree of January 26, 1917, and setting forth various grounds of defense to the petition; that April 28, 1917, a reply to the motion was filed; that May 7, 1917, the district court entered a decree denying the motion; and that from the denial of this motion Victor P. Martinez appealed to the Supreme Court of Porto Rico, where, on January 30, 1918, a decree was entered affirming the decree of the district court of Aguadilla. It is from the last-mentioned decree of the Supreme Court that the present appeal is prosecuted.

In the Supreme Court it was held that, inasmuch as Victor Martinez y Martinez died in the Judicial District of Aguadilla, the district court of Aguadilla, rather than that of Mayaguez, had jurisdiction to entertain the petition for the declaration of heirship; that the decree procured by Victor P. Martinez, in the ex parte proceeding in the district court of Mayaguez, declaring him the sole heir was not res judicata to the extent of precluding the minor children, whose status as acknowl-

edged natural children had been judicially declared, from being subsequently declared heirs; that the decree of the district court of Aguadilla of January 4, 1915, in the action of acknowledgment, affirmed by the Supreme Court June 25, 1916, was competent and conclusive evidence as to the status of Pedro and Laura as acknowledged natural children of Victor Martinez y Martinez, without proof that the decree had been recorded in the civil register; that under the laws of Porto Rico governing the rights of the parties to this controversy, the legally acknowledged natural children, Pedro and Laura, were heirs of their deceased father; and that they were not guilty of laches and their right to maintain the petition had not prescribed, as they were not in a position to prosecute the petition until after the judgment of June 24, 1916, was entered in the Supreme Court, affirming the judgment of the district court of January 4, 1915, declaring them acknowledged natural children.

[1, 2] In the first and sixth assignments of error the appellant complains that the Supreme Court erred in rendering judgment declaring the minor children heirs ab intestate without making him a party to the proceeding, and that this was in violation of section 74 of the Code of Civil Procedure (Revised Statutes of Porto Rico, § 5058); that it also erred in not giving due force and effect to the decree of the district court of Mayaguez of September 27, 1912, declaring him sole heir; and that this was in violation of section 1219 of the Civil Code (Revised Statutes of Porto Rico, § 4325). As above pointed out, the decree of the district court of Mayaguez, declaring the appellant sole heir, was obtained in an ex parte proceeding under section 1558 of the Revised Statutes of Porto Rico, and we think it was conclusive, if at all, as against the minor children in their subsequent proceeding for declaration of heirship, only to the extent that it declared him an heir of his deceased father, entitled to the share given him by law. Moreover, as it is provided in section 20 of the act relating to special legal proceedings (Revised Statutes of Porto Rico, § 1559), which embraces proceedings for the declaration of heirship, that "final judgment having been rendered, any claimant who has had no notice of the proceedings and did not appear therein and who has a well-founded right to the inheritance may establish and enforce his right against those who have been judicially declared heirs thereby," and as the appellant availed himself of this right by intervening and filing his motion in opposition to the petition of the minors we think that he thereby made that an adversary proceeding in which he was accorded full opportunity to litigate the question whether he was or was not the sole heir, and that, as this question was decided against him, he is concluded thereby.

[3] In the second and fifth assignments of error the appellant complains that as the decree of January 4, 1915, affirmed June 24, 1916, in the adversary proceeding declaring the minor children acknowledged natural children, does not appear to have been recorded in the civil register (1) that it was incompetent as evidence, and (2) that their status as acknowledged natural children would not be established until it was so recorded. It is true that section 318 of the Civil Code (Re-

vised Statutes of Porto Rico, § 3388) provides that "acts relating to the civil status of persons shall be recorded in the registry devoted to that purpose," and that section 18 of an act to establish a law of civil register (Revised Statutes of Porto Rico, § 235), and section 319 of the Civil Code (Revised Statutes of Porto Rico, § 3389) provide that "acknowledgments" or "decrees regarding filiations" are acts relating to the civil status required to be recorded; but it is evident that the judgment or decree was competent as evidence in this litigation, for section 320 of the Civil Code (Revised Statutes of Proto Rico, § 3390) permits other evidence than the record in the registry to be admitted "when a litigation is instituted before the courts." The judgment or decree was therefore properly received in evidence, and as between these parties was conclusive of the fact that the minors were the natural children of Victor Martinez y Martinez legally acknowledged.

[4] In the fourth and seventh assignments of error the appellant complains that the court erred in holding that the right of the minor children to petition the court to be declared heirs ab intestate had not prescribed, relying on section 140 of the Code of Civil Procedure (Revised Statutes of Porto Rico, § 5124). If the limitation provided for in section 140 has any application to a situation like the one here in question, the petition was seasonably brought for the minor children were not in a position to institute the proceeding before June 24, 1916, when they were judicially declared acknowledged natural children, and the present petition was brought within about four months thereafter.

[5] The third and eighth assignments of error raise the same question—that the court erred in construing the provisions of the Civil Code relating to intestate succession in force when Victor Martinez y Martinez died, August 26, 1912, and in holding that his natural children legally acknowledged were not excluded from the inheritance of their father, he having left surviving him a legitimate child.

In the Civil Code, chapter III, relating to intestate succession, it is provided:

"(3983) Sec. 887. In the absence of testamentary heirs, the law gives the inheritance, according to the rules hereafter set forth, to the legitimate and natural relatives of the deceased, to the widower or widow, and to the people of Porto Rico."

In chapter IV of the Civil Code, relating to the order of intestate succession, it is provided:

"(4001) Sec. 905. Legitimate and acknowledged illegitimate children and their issue succeed to their fathers and other ancestors without distinction of sex or age, and even though they proceed from different marriages."

And in article third of said chapter IV, it is provided:

"(4009) Sec. 913 (as amended by Act of March 9, 1911, p. 236). In default of legitimate descendant or ascendant the natural children legally recognized shall succeed the deceased in the whole of the inheritance. * * * Should there be any legitimate descendants or ascendants, the natural descendants shall receive only that portion of the inheritance allowed to them by the act amending and repealing sections 795, 796, etc., of the Civil Code, approved March 9, 1905."

March 9, 1905, the Legislature of Porto Rico amended sections 795, 796 and 797 of the Civil Code, and in section 14 of the amending act provided:

"(3886) Sec. 14. When the testator leaves legitimate children or descendants, and natural children, legally acknowledged, each of the latter shall have a right to a portion equal to one-half of that pertaining to each of the legitimate children who have not received any additional portion: Provided, it can be included in the third which may be freely disposed of, from which it must be taken, after the burial and funeral expenses have been deducted."

We think these provisions of law, when fairly construed, demonstrate that legally acknowledged natural children are heirs in the intestate succession of their natural father and are entitled to the portions provided for in section 14.

[6] At any rate we are satisfied that the conclusion reached by the Supreme Court of Porto Rico as to the construction of these provisions of law is not clearly wrong, and that its decision should be affirmed. Cardona v. Quinones, 240 U. S. 83, 36 Sup. Ct. 346, 60 L. Ed. 538.

The decree of the Supreme Court of Porto Rico is affirmed, with costs to the appellee.