## SUCCESSION OF GARCIA v. HERNANDEZ et al.

(Circuit Court of Appeals, First Circuit. December 21, 1920.)

No. 1442.

1. **Courts ☞406(1)—Decision of Supreme Court of Porto Rico on question of procedure reversed only on clear showing of error.**

   A decision of the Supreme Court of Porto Rico should not be reversed on a question of procedure which is manifestly one of purely local law, except on a clear showing of error.

2. **Executors and administrators ☞130(2)—Action of revindication not maintainable against assignee of rights and heirs by succession.**

   The succession or estate of a deceased person may not in Porto Rico, as an entity, maintain an action of revindication against the grantee or assignee of the rights of one or more of the heirs; at least, a decision of the Supreme Court of Porto Rico so holding is not so plainly erroneous as to warrant the circuit court of appeals in reversing it.

3. **Descent and distribution ☞84—Heir may make valid transfer before partition or liquidation.**

   An heir before partition or liquidation of the ancestor's estate may make a valid transfer or assignment of his undivided interest in the estate.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the Supreme Court of Porto Rico.

Action by the succession of Jacinto Rivera Garcia against Gregorio Hernandez and another. Judgment for defendants, and plaintiff brings error. Judgment vacated, and case remanded.

Frank Martinez and Howard L. Kern, both of New York City, for plaintiff in error.

Hugh R. Francis, of San Juan, Porto Rico (Francis & de la Haba, of San Juan, Porto Rico, on the brief), for defendants in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action of revindication or ejectment brought in the District Court of Humacao, on January 5, 1916, by the heirs and widow of Jacinto Rivera Garcia, constituting the "succession" of said Garcia, to recover about 25 acres of land (and mesne profits therefrom) owned by Garcia during his lifetime, alleged to be unlawfully in the possession of the defendants Hernandez and Martinez.

Garcia died on February 27, 1895, leaving—including one posthumous child—nine children and a wife. Some of these children were minors. Hernandez was named in Garcia's will as protutor for some of the minor children. Whether he ever acted in that capacity does not definitely appear.

The chief defenses set up by Hernandez, the principal defendant, were that he bought 14 of the 25 acres from Garcia during his lifetime, and that he obtained title to, or at any rate beneficial ownership and right of possession of, the balance by assignments or conveyances from the heirs or some of them.

On trial in the District Court of Humacao, it was found that the plaintiffs constituted the succession of Garcia; that the land in question belonged to Garcia in his lifetime; that it was worth approximately $1,200; that the mesne profits amounted to $4,000; that the defendants were in actual possession and enjoyment of the land without title; that therefore the succession was entitled to possession and to recover the mesne profits of $4,000.

The defenses above mentioned were disposed of in the District Court by a finding that Hernandez's claim of purchase of 14 of the 25 acres from Garcia during his lifetime was not proved; as to the alleged acquisition of right or title from heirs after the death of the ancestor the finding was as follows:

"True as it is that several members of the plaintiff succession assigned their rights in the estate to the defendant Gregorio Hernandez, nevertheless no division of the estate was ever made, notwithstanding the allegation thus made by the defendants in their answer to plaintiffs' complaint. And until the liquidation of the estate and the allotment of their corresponding share in the estate to each heir be made the said heirs have no title to the real property left by the testator sufficient to make a valid alienation of such property. On the other hand, several assigning heirs were minors at the time of the assignment, and this circumstance renders the act made by them null and void, and it should be taken into account that the defendant Gregorio Hernandez was the protutor of the minor heirs and that he had a share in the estate of Rivera Garcia."

This finding does not attempt to conclude the question as to what rights, if any, Hernandez obtained in the estate of Garcia through his dealings with the heirs. The decision of the District Court goes upon the theory that the succession or estate of Garcia was an entity, and that until it was settled or liquidated, that succession or estate could, as an entity, recover, as against the grantee or assignee of any of the heirs, possession of the decedent's land. On this theory the judgment ordered was "without prejudice of the rights that Gregorio Hernandez might have to be substituted in the personality of those members of the succession having made a valid transfer of their undivided interest (condominios) in favor of said Gregorio Hernandez."

The defendants appealed to the Supreme Court of Porto Rico. The opinion of the Supreme Court recites, inter alia, that Hernandez brought suit in the Municipal Court against several of the heirs of Garcia to recover $600, which resulted in an "act of conciliation" by which, in payment of this admitted debt, these heirs transferred to Hernandez all their rights to two lots of land, one of them of 40 acres, and another of 6 acres. But it does not clearly appear whether these lands included the lands the subject-matter of the revindication suit.

Some of these heirs are stated in the opinion to have made formal deeds which were recorded, although in part attacked because of the alleged minority of the grantors; others were not recorded; the record is said to be silent with relation to the rights of Alberto, the posthumous child. The opinion does not refer at all to the alleged purchase of 14 acres by Hernandez from Garcia during Garcia's lifetime. But the judgment of the court below is reversed on the ground that that court erred in holding:

"That during the time the liquidation of an inheritance of property is taking place, and until there is a distinct adjudication to such heir, the heirs lack sufficient title to make a valid alienation of such property."

The Supreme Court held, as we construe the opinion, that Hernandez as the grantee or assignee of the rights of some of the heirs, had or might be found to have all the rights that such heirs would have had, including the right of possession in common, that is, as co-owner; and that therefore an action of revindication did not lie against him. The conclusion stated was that because the plaintiffs did "not unite in themselves the whole title to the property in question, and because the adults have no claim at all, judgment must be reversed and the complaint dismissed, without costs."

The case comes here on writ of error with two assignments of error:

"First. The Supreme Court of Porto Rico erred in holding that the assignment and transfer made by some heirs of Jacinto Rivera Garcia, to wit, Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia and Regalada Rivera Delgado, of their interest in the inheritance estate herein involved, to Gregorio Hernandez, was valid.

"Second. The Supreme Court of Porto Rico also erred in holding that Gregorio Hernandez is entitled to the possession of the property herein sought to be recovered and consequently that an action of revindication (ejectment) was not the proper remedy."

[1] We deal with these assignments in reverse order. The second is merely to the effect that an action of revindication or ejectment is

not the proper remedy. This question of procedure is manifestly one of a purely local law on which the decision of the Supreme Court of Porto Rico should not be reversed, except on a clear showing of error.

See Cardona v. Quinones, 240 U. S. 83, 88, 36 Sup. Ct. 346, 60 L. Ed. 538; Nadal v. May, 233 U. S. 447, 454, 34 Sup. Ct. 611, 58 L. Ed. 1040; De Villanueva v. Villanueva, 239 U. S. 293, 299, 36 Sup. Ct. 109, 60 L. Ed. 293; Martinez v. Mendez, 256 Fed. 596, 600, 167 C. C. A. 626; Richardson v. Fijardo Sug. Co., 237 Fed. 195, 196, 150 C. C. A. 341; Graham v. O'Ferral, 248 Fed. 10, 13, 160 C. C. A. 150.

[2] Examination of the authorities cited by plaintiff's learned counsel fails to convince us that the succession or estate of a deceased person may, as an entity, maintain an action of revindication against the grantee or assignee of the rights of one or more of the heirs.

The Supreme Court held that heirs who had, by instruments of transfer at worst only voidable, transferred their interests in the ancestor's estate, could not join in an action of revindication or ejectment against their grantee in possession. The inference is that if Hernandez had obtained title from any of the heirs, invalid because of infancy, or by reason of fraud practiced, the remedy must be sought in a court of equity or through proceedings for the liquidation or administration of the estate. At any rate, the holding of the Supreme Court that revindication or ejectment was not on the facts in this case the proper remedy of any of the heirs wronged is not a ruling so plainly erroneous on the authorities as to warrant this court in reversing it.

See Manresa, vol. 3, pp. 416, 435, 436.

Cf. Fernandez v. Gutierrez, 10 Porto Rico Rep. 59; Trinidad v. Trinidad, 19 Porto Rico Rep. 616; Vega v. Rodriguez, 21 Porto Rico Rep. 318; Rola v. Estate of Hernandez, 15 Porto Rico Rep. 738; Plantations Company v. Smith, 23 Porto Rico Rep. 365, 366.

We turn now to the first assignment of error, viz.:

"That the Supreme Court of Porto Rico erred in holding that the heirs Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia and Regalada Rivera y Delgado made valid transfers of their rights to the estate of the deceased Jacinto Garcia to Gregorio Hernandez."

We are left in doubt whether the Supreme Court did hold that the heirs named had made valid transfers of their rights in their father's estate to the defendant Hernandez. Construing the opinion of the court in the light of the record, we think its fair interpretation may be that that court intended only to hold that Hernandez had obtained from some of the heirs a title which was at worst only voidable, and that as the District Court had held that all transfers by heirs before the liquidation of the estate were invalid, the judgment should be reversed without prejudice to the rights of the heirs, in a proper forum, to assert their claims, however grounded, to the land in question. But the form of the conclusion of the opinion was at least ambiguous as to the rights of adult heirs. Plainly, the Supreme Court decision did not undertake to determine, in detail, the rights of the various heirs; the opinion points out that the record is silent with respect to any transfer by Alberto, the posthumous child; it does not mention the fact that Hernandez ground his claim to 14 of the 25 acres upon an alleged

purchase by him from Garcia during Garcia's lifetime, and that the District Court found that that defense was not sustained; it comments on the contention of the plaintiff that some of the alleged transfers relied upon by Hernandez were made by minors, and therefore void, saying that "there is a good deal in favor of the theory of the appellant" that such contract made by a minor heir above the age of 14 must be disaffirmed" within four years after he comes of age—adding that the court "prefer a fuller discussion before definitely deciding this point." Counsel for the defendants apparently construe the decision of the Supreme Court as not concluding any of the questions of right and title arising out of the dealings between Hernandez and any of Garcia's heirs; for in their brief they say:

"Although the first assignment of error set forth by the plaintiff is rather general in its nature, nevertheless we presume that we are correct in assuming that the legal point as regards said assignment of error is whether or not an heir can assign his rights in an estate before there has been a distribution or liquidation of same."

[3] If, then, the first assignment raises simply the question of law as to the power of an heir, before partition or liquidation of the ancestor's estate, to make a valid transfer or assignment of his undivided interest in such estate, we are clear that it should be held not well grounded.

See Fernandez v. Gutierrez, 10 Porto Rico Rep. 59; Trinidad v. Trinidad, 19 Porto Rico Rep. 616; Vega v. Rodriguez, 21 Porto Rico Rep. 318; Rola v. Estate of Hernandez, 15 Porto Rico Rep. 738; Plantations Company v. Smith, 23 Porto Rico Rep. 365, 366.

Cf. Manresa, vol. 3, p. 436; Soriano et al. v. Rexach, 23 Porto Rico Rep. 531.

On such construction it of course follows that on another trial in a proper forum, with the proper parties, none of the rights of any of the heirs are to be regarded as prejudiced by the proceedings in this cause.

But the order of dismissal was not on its face without prejudice and was therefore wrong. It might possibly be held to conclude the rights of the adult heirs, if not of the alleged minor heirs. As the real case has never yet been tried in either court, the judgment must be vacated so that the case may either be dismissed without prejudice as well as without costs, or, if practicable, amended so as to present the real issues. Whether such amendment is, under the Porto Rican Code and practice, within the discretion of the court, is another question of local law not now before this court for its determination. It is not, however, inappropriate to say that such amendment in lieu of dismissal would be consonant with modern remedial statutes and rules of court and the established practice thereunder.

Compare section 269 of the Federal Judicial Code (Comp. St. § 1246) as amended by the Act of Feb. 26, 1919, 40 Sts. at Large, p. 1181; Fed. Eq. Rule No. 19 (198 Fed. xxiii, 115 C. C. A. xxiii).

Also, Fed. Eq. Rule No. 22 (198 Fed. xxiv, 115 C. C. A. xxiv), which provides:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential."

Compare Code of Civil Procedure of Porto Rico, § 140.

The judgment of the Supreme Court of Porto Rico is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the plaintiffs in error.