## GOFFINET et al. v. POLANCO.

(Circuit Court of Appeals, First Circuit. February 13, 1923.)

No. 1545.

1. **Courts ☞406(1)—Decision of Supreme and District Courts of Porto Rico accepted as final.**

In cases where both the District and Supreme Court of Porto Rico are in full accord in their determination of the construction of purely local law and its application to the facts presented, such determination is accepted as final on appeal to the Circuit Court of Appeals, unless shown to be clearly erroneous.

2. **Mortgages ☞389—Matters to be in petition for foreclosure in Porto Rico.**

A petition for summary foreclosure of a mortgage securing an agricultural loan was insufficient, where the allegation of a liquidated balance required by Mortgage Law Regulations of Porto Rico, art. 169 (Rev. St. 1913, § 7266), was false, and the petition contained nothing whatever to show either the amounts, if any, advanced on the loan, any credit on such account, any balance due thereon, or even the existence of the account itself.

3. **Mortgages ☞389—Foreclosure and sale void, when petition falsely alleged liquidation of debt.**

Where petition for summary foreclosure under Mortgage Law of Porto Rico, art. 128 (Rev. St. 1913, § 6812), and Regulations, art. 169 (Rev. St. 1913, § 7266), falsely alleged that prior to its filing there had been an accounting between mortgagor and mortgagee, which showed the balance claimed to be due, and in fact there had been no such accounting, the foreclosure and sale thereunder was null and void.

4. **Mortgages ☞389—In action for wrongful foreclosure, evidence held sufficient to warrant findings of damages to mortgagee.**

Where summary foreclosure proceedings were void because allegations in the petition of liquidation of amount due were false, and the mortgagor was by sale under the decree deprived of possession, evidence, though in some respects vague and uncertain, held sufficient to warrant findings allowing the mortgagor as damages under Mortgage Law Regulations of Porto Rico, art. 169 (Rev. St. 1913, § 7266), the rental value of the land and the products of seed beds plowed and planted, but not the expense of plowing and planting of such seed beds.

5. **Costs ☞172—Attorney's fees discretionary.**

The award of attorney's fees under Rev. St. Porto Rico 1913, § 5371, is within the discretion of the court.

Appeal from the Supreme Court of Porto Rico.

Action in District Court of Porto Rico by Jose Jacinto Nicolas Polanco against August Goffinet and others. Judgment for plaintiff, af-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

firmed by Supreme Court of Porto Rico, and defendants appeal. Affirmed, except as to damages, which are found.

Philip N. Jones, of Boston, Mass. (Henry G. Molina, of San Juan, Porto Rico, on the brief), for appellants.

Jose A. Poventud, of Ponce, P. R., and New York City, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The appellee recovered a judgment in a District Court of Porto Rico setting aside a former judgment of the same court as a nullity. From that judgment the appellant here took an appeal to the Supreme Court of Porto Rico, which court affirmed the judgment of the District Court, and the case is before this court on appeal from the judgment of that court.

The appellee and appellants were respectively plaintiff and defendants in the Porto Rican courts and they will be so designated herein.

The following recital of facts will show the issues involved in the complaint on which the judgment was rendered:

On March 27, 1914, the plaintiff gave a mortgage of certain real estate in Porto Rico to the defendants to secure the payment of the sum of $30,000, with interest thereon at 10 per cent., and an additional amount of $500 to cover costs, expenses, and attorney's fees. Of this sum of $30,000, the sum of $15,725.55 had been previously advanced, leaving the sum of $14,274.45 to be advanced as needed by the plaintiff in cultivation of a sugar cane plantation covered by the mortgage.

On August 24, 1917, summary proceedings for the foreclosure of this mortgage were instituted by the mortgagees under the Porto Rican Code, and as required by the Porto Rican law the petition in these proceedings set out that, prior to the filing of the petition, there had been an accounting between the mortgagor and the mortgagee, which showed a balance of $18,086.46 due to the mortgagees under the mortgage.

Under article 169 of the Regulations applicable to the mortgage law in force in Porto Rico (Rev. St. 1913, § 7266), it is provided that the petition for a summary foreclosure of a mortgage shall among other things state:

"The net amount of the claim which, by the mere act of instituting the proceedings the creditor will contract, assuming liability for any loss or damage the debtor or interested third persons may suffer through malice or negligence in not making a true statement of facts and of the circumstances which the Judge must take into consideration in authorizing the institution of the proceedings and continuing them."

The court found the sum of $18,086.46 to be due the mortgagees, and in the event of the failure to pay said sum ordered the sale at public auction of the mortgaged premises.

On August 27, 1917, the mortgagor, the plaintiff here, moved to set aside this order of the court on the following grounds:

"First. Because the instrument evidencing the debt sued for is not attached to the complaint.

"Second. Because the plaintiff does not show categorically the exact amounts collected as interest or as a part of the principal of the debt.

"Third. There is no authentic document showing the exact amount of the balance of the debt due."

The mortgagor further alleged:

"That the plaintiffs have falsely and maliciously set out in the third count of the said complaint that on the first instant the plaintiffs liquidated with the agreement of the mortgagor the financing account secured by the mortgage."

The mortgagees resisted this motion, assigning among other reasons that the summary foreclosure proceedings could only be stayed for reasons specifically set out in article 175 of the regulations for the execution of the mortgage law (Rev. St. 1913, § 7272).

The motion was denied, and the property was sold at public auction on October 25, 1917, under an order of sale, for $19,202. Meantime, on October 9, 1917, the mortgagor filed a complaint in the District Court to vacate the summary proceedings which had been instituted, and whatever entries might have been made in the registry of property in connection therewith, and also asking for damages, with costs, disbursements, and attorney's fees.

In this complaint it is alleged:

"That in the aforesaid summary foreclosure proceedings the defendants, foreclosing mortgagees, failed expressly to state in their initial petition the exact amounts recovered from the debtor, plaintiff herein, by way of interest or on account of the principal indebtedness. They did not attach to the said petition, as they should have done, the instrument evidencing the credit claimed. Neither did they annex to the said petition an authentic and authoritative document showing the exact, liquidated, demandable amount of the debt. Further, they falsely set out in the said petition that on August 1, 1917, the defendants, in concurrence with the mortgage debtor, liquidated the account of advances secured by the mortgage. The plaintiff contends that said account has not been liquidated by mutual accord of the interested parties, but that, on the contrary, the defendants herein, foreclosing mortgagees, arbitrarily and in violation of the said contracts, fixed the balance in their favor at $18,286.46."

The District Court found that there had been no liquidation as set forth in the summary petition for foreclosure and that this was an indispensable condition required by article 169 of the mortgage law regulations of Porto Rico, and sustains this finding in this statement:

"And the fact that there was no such liquidation and no such admission is shown not only by the testimony of plaintiff Polanco but also by that of the defendants' attorney in fact, who said that an agreement had not been reached because of differences in the computation of the interest and in the application of the percentage on liquidating the cane ground in the factory from the proceeds of which the defendants were to be reimbursed, according to the financing contract. * * *

"The omissions mentioned are sufficient to void the mortgage foreclosure proceeding, according to the letter and spirit of article 128 of the Mortgage Law [Rev. St. 1913, § 6812] and article 169 of its Regulations."

The court further found that there was malice on the part of the mortgagees in falsely stating the facts and circumstances to be con-

sidered by the court which ordered the institution of the foreclosure proceedings; also in the attitude assumed by them when the mortgagor, confronted by the danger of losing the possession of his property in a summary proceeding, asked the court to protect him against the threatened loss, and awarded damages to the plaintiff in the sum of $9,923, together with costs, expenses and attorney's fees.

The Supreme Court of Porto Rico, in its opinion affirming the judgment below, said:

"After a careful review of this testimony, we cannot say that the court below manifestly erred in finding that the foreclosure proceedings were instituted 'without previous liquidation with plaintiff of the account for advances,' or that the question as to the amount of interest admitted by the witness of defendants to be in dispute is so insignificant as to fall within the principle of 'de minimis non curat lex.'

"Aside from the bald statement that the mortgage 'was executed to secure an agricultural loan of $30,000 made by mortgagees to mortgagor,' and the reference to a liquidated balance, the petition for foreclosure contained nothing whatever to show either the amount advanced, if any, any credit on such account, any balance due thereon, or even the existence of the account itself."

[1] The Supreme Court in its opinion, concurred in by all of its members, affirmed the finding of the District Court that there had been no previous liquidation and that this was an indispensable part of the petition for a summary foreclosure. Under the rule which has been adopted in this court in cases where both the District Court and the Supreme Court are in full accord in their determination of the construction of purely local law and its application to the facts presented, such determination is accepted as final, unless shown to be clearly erroneous. Henna v. Sauri, 237 Fed. 145, 150 C. C. A. 291; Martinez v. Mendez, 256 Fed. 596, 167 C. C. A. 626.

[2, 3] From a careful study of the record in this case and the very able briefs of learned counsel, we are satisfied that the construction of the sections of the mortgage law and the regulations for its execution and their application to the facts in this case by both the District and Supreme Courts are correct.

[4] The other assignments of error present the question of the damages which should be awarded. On this phase of the case the Supreme Court said:

"Had the mortgagees brought suit for foreclosure under the Code of Civil Procedure, the mortgagor not only would have had ample opportunity to defend and protect his rights, whatever they may be in the proceeding, but during the ordinary course thereof would have remained in possession of the mortgaged property for a period approximately equal to that during which he has been deprived of the use thereof pending the recovery sought in the present suit. The loss suffered during the continuance of such ouster would seem to be the natural result of the unwarranted and malicious resort to the summary proceeding of the mortgage law and a reasonably fair method of estimating the damages so caused."

The elements of damage found by the court covered plowing, preparation of seed beds, and the proceeds from such beds, amounting in all to $4,690, and in addition the rental value of the property during the time the plaintiff was illegally ousted, amounting to $5,238.

Of the damages awarded in the District Court the Supreme Court said:

"The theory of the complaint and of the court below as to what constitutes a proper measure of damages in a case of this kind is not challenged in its general aspect under the fourth assignment; and, in so far as the same goes merely to the sufficiency of the evidence to sustain the several items forming the sum total of the amount specified in the judgment, we find no such manifest error in the fixing of such sums by the trial judge as to warrant a modification. Nor can we say, all things considered, that the court below abused its discretion in the matter of attorney fees as suggested in the sixth assignment."

The evidence in regard to the elements of damage is in some respects vague and uncertain, but there is enough in it to sustain a judgment for the products of the seed beds in the sum of $2,000 and the loss of the use of the real estate by the mortgagor after he was dispossessed, in the sum found by the District Court and affirmed by the Supreme Court.

We are unable to discover any legal basis upon which damages could have been awarded for plowing and preparation of seed beds and also for the products of these beds, and we think the award should have covered the products only, which, adopting the finding of the District Court, we find to have been of the value of $2,000.

[5] The awarding of attorney's fees is, under the Porto Rican Code (Rev. St. 1913, § 5371), within the discretion of the court, and, as the District Court was affirmed in its finding as to this, we accept its conclusion.

The judgment of the Supreme Court of Porto Rico is affirmed, except as to damages, which we find to be $7,238, and in all other respects it is hereby affirmed, without costs to either party in this court.