Juan Enrique Soltero et al., Plaintiffs and Appellants, *v.* Jaime A. Vélez Raíces, etc., Defendant; Leslie A. Mac-Leod, Auditor of Puerto Rico, Intervener and Appellee.

No. 7291. Argued July 6, 1938.—Decided July 20, 1938.

*Rafael Soltero Peralta* in his own behalf and for the other appellant. *B. Fernández García,* Attorney General, and *C. Andreu Ribas,* Assistant Attorney General, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This case was decided by this court on February 7 last by a judgment affirming that of the district court granting the writ of mandamus sought by the plaintiffs, without costs

The plaintiffs insisted in the lower court that costs should be imposed on the Insular Auditor who had intervened in the proceedings. The court denied the motion and the plaintiffs have appealed to this court. So that the only question involved in the appeal and dealt with by this court in its opinion was whether or not the said district court abused its discretion in refusing to impose costs on the Auditor as intervener. *Soltero* v. *Vélez*, 52 P.R.R. 621.

The plaintiffs feeling aggrieved by the judgment of February 7 last filed their petition of appeal to the First Circuit Court of Appeals on May 7, 1938. As the propriety of the appeal did not clearly appear, the 6th of the following month of June was set to hear the parties on the matter, and the appellants were allowed a term that was extended several times for filing memoranda in support of their contentions, which they finally filed on the 6th of the instant July.

 Section 128 of the Judicial Code of the United States, in its pertinent part, reads as follows:

"The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions.
"First. * * * * * * *
"Second. * * * * * * *
"Third. * * * * * * *
"Fourth. In the Supreme Courts of the Territory of Hawaii and of Porto Rico, in all civil cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and in all habeas corpus proceedings." 28 U.S.C.A. 294, section 225.

It is maintained by the plaintiffs that as "the Insular Auditor derives his rights and duties as a public officer from the Jones Act, which is our Organic Act, . . . . , the matter of costs in the present case rests on the interpretation to be given to our Organic Act specially in connection with the powers pertaining to the Insular Auditor," for which reason "a decision on costs in the present litigation falls entirely

within the constitutional question of abuse of legal authority incurred by the aforesaid officer which constituted obstinacy on his part."

We do not agree. Really the matter in issue here is the exercise of discretion on the part of the trial court approved by this court, that is, whether, in view of the attitude of the Auditor as intervener, the court erred in failing to impose costs on him.

The law regarding costs, applicable and applied to the instant case, is a local statute, and it has been held by the U. S. Circuit Court of Appeals for the First Circuit in *Trujillo & Mercado* v. *Succession of Rodríguez,* 233 F. 208, 147 C.C.A. 214, that "As in case of States, decisions of the Supreme Court of Porto Rico, construing local statutes and concessions will be treated by the federal courts as controlling where they involve no infraction of rights secured by the federal Constitution or laws"; and in *Henna* v. *Saurí & Subirá,* 237 F. 145; *Goffinet* v. *Polanco,* 287 F. 29, and *García* v. *Hernández,* 270 F. 455, as appears from 28 U.S.C.A. 361, section 128, substantially that "The decisions of the Porto Rico Supreme Court as to matter of local law will not be disturbed by federal Circuit Court of Appeals for First Circuit, unless clearly erroneous."

At the time the judgment in question was rendered by the district court the law regarding costs, that is, Act No. 69 of 1936, invoked by the plaintiffs, was not in force, and according to the law then in force (*Mason* v. *White Star Bus Line, ante,* p. 320) the trial court had wide discretion to act as it did (sections 327 and 329 of the Code of Civil Procedure, 1933 ed.; *Bernier et al.* v. *Heirs of Honoré,* 39 P.R.R. 177; *Soltero* v. *Vélez,* 52 P.R.R. 621); so that, finally, what they seek to submit for determination to the First Circuit Court of Appeals by virtue of the appeal filed is a matter involving only the exercise of discretion on the part of a district court under a local statute, which exercise was reviewed by this court and found not to be in excess of its powers. The

542

fact that the party whom the court found not to have shown obstinacy in intervening in the action was an officer whose office had been created by an Act of Congress is not of sufficient import, in our judgment, to convert said matter into one involving the construction of a federal statute and much less the Constitution of the United States.

Therefore, as in our opinion it is clear that the appeal taken is not authorized by law, the same should not be allowed.