JUAN ENRIQUE SOLTERO y RAFAEL SOLTERO PERALTA, demandantes y apelantes, *v.* JAIME A. VÉLEZ RAÍCES, en su carácter de SECRETARIO-AUDITOR DEL MUNICIPIO DE MANATÍ, PUERTO RICO, demandado; y LESLIE A. MACLEOD, AUDITOR DE PUERTO RICO, interventor y apelado.

Núm. 7291.—*Sometido:* Julio 6, 1938.   *Resuelto:* Julio 20, 1938.

*Rafael Soltero Peralta,* por su propio derecho y como abogado del otro apelante; *Hon. B. Fernández García* y *C. Andréu Ribas, Subprocurador,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este caso fué resuelto por esta Corte Suprema en febrero 7 último por sentencia confirmando la de la corte de distrito por virtud de la cual se declaró con lugar la expedición del auto de *mandamus* solicitado por los demandantes, sin costas. Los demandantes insistieron en la corte inferior en que debía condenarse en costas al Auditor Insular que había intervenido en el procedimiento.   La corte se negó y los demandantes apelaron para ante este tribunal.   De suerte que la única cuestión que estuvo envuelta en el recurso y que este tribunal trató en su opinión fué la de si la repetida corte de

distrito abusó o no de su discreción al negarse a condenar en costas al Auditor interventor. *Soltero* v. *Vélez*, 52 D.P.R. 642.

No conformes los demandantes con la sentencia de siete de febrero último, radicaron su petición de apelación para ante la Corte de Circuito de Apelaciones del Primer Circuito en mayo siete, 1938. Como no fuera aparente la procedencia del recurso, se fijó la audiencia del seis de junio siguiente para oír a las partes sobre el particular, concediéndose a los apelantes un término que se prorrogó varias veces para la presentación de memoranda en apoyo de sus pretensiones, que archivaron finalmente en julio seis actual.

■■ El artículo 128 del Código Judicial de los Estados Unidos, en lo pertinente, dice:

"La corte de circuito de apelaciones tendrá jurisdicción para revisar por auto de error las sentencias firmes:
"Primero: . . . . . . . . . . .
"Segundo: . . . . . . . . . .
"Tercero: . . . . . . . . . .
"Cuarto: En la Corte Suprema del territorio de Hawaii y de Puerto Rico, en todos los casos civiles, civiles o criminales, en los que se halle envuelta la Constitución o un estatuto o tratado de los Estados Unidos, o cualquier autoridad ejercitada bajo ellos." 28 U.S.C.A. 294, sección 225.

Y sostienen los demandantes que como "el Auditor Insular deriva sus derechos y sus deberes como funcionario público de la Ley Jones, que es nuestra Carta Orgánica,.... la materia de costas en este caso descansa en la interpretación que reciba nuestra Carta Orgánica con relación particular a las atribuciones que corresponden al Auditor Insular" motivo por el cual "al decidirse el asunto de costas en el presente litigio, se caerá de lleno en la cuestión constitucional del abuso de facultades legales en que incurrió el mencionado funcionario constitutivo de su temeridad."

No estamos conformes. En realidad lo que está en tela de juicio es el ejercicio de su discreción por parte de la corte

sentenciadora confirmado por esta Corte Suprema, o sea, si teniendo en cuenta la actitud del Auditor interventor erró la corte al no condenarlo al pago de las costas.

La ley de costas aplicable y aplicada es un estatuto local, y se ha resuelto por la Corte de Circuito de Apelaciones del Primer Circuito, en el caso de *Trujillo & Mercado* v. *Sucn. Rodríguez,* 233 F. 208, 147 CCA 214 que "Como sucede con los estados, las decisiones de la Corte Suprema de Puerto Rico interpretando estatutos locales y concesiones serán tratadas como finales (*controlling*) cuando no envuelvan una infracción a los derechos garantizados por la constitución o leyes federales." Y, en substancia, en los de *Henna* v. *Saurí & Subirá,* 237 F. 145, *Goffinet* v. *Polanco,* 287 F. 29 y *García* v. *Hernández,* 270 F. 455, según aparece en 28 U.S.C.A. 361, sección 128 que "Las decisiones de la Corte Suprema de Puerto Rico sobre cuestiones de ley local no serán alteradas por la Corte Federal de Circuito a menos que no sean claramente erróneas."

A la fecha en que la sentencia de que se trata fué dictada por la corte de distrito, no regía la ley de costas que invocan los demandantes o sea la núm. 69 de 1936 (pág. 355), y con arreglo a la que estaba en vigor (*Mason* v. *White Star Bus Line,* 53 D.P.R. 337) la corte sentenciadora tenía amplia discreción para actuar en la forma en que lo hizo (artículos 327 y 329 del Código de Enjuiciamiento Civil, ed. 1933, *Bernier* v. *Sucesión Honoré,* 39 D.P.R. 192, *Soltero* v. *Vélez,* 52 D.P.R. 642, 646), de tal suerte que, en última instancia, lo que se pretende someter a la decisión de la Corte de Circuito de Apelaciones por virtud del recurso interpuesto es una cuestión que solamente envuelve el ejercicio de su discreción por parte de una corte de distrito de acuerdo con una ley local, ejercicio que esta Corte Suprema revisó y encontró que no fué en exceso de sus atribuciones. La circunstancia de que la parte que la corte estimara que no actuó temerariamente al intervenir en el pleito lo fuera un funcionario creado por una ley del Congreso, no monta a tanto, a nuestro juicio,

como a convertir dicha cuestión en una que lleva consigo la interpretación de un estatuto de los Estados Unidos ni menos de su Constitución.

*Siendo, en tal virtud, claro a nuestro juicio que la apelación interpuesta no está autorizada por la ley, debe ser denegada su admisión.*