AGAPITO DÍAZ, demandante y apelado, *v.* VICTORIANA RAMOS y ANASTACIO OLIVERO, demandados y apelantes.

Núm. 7673.—*Sometido:* Noviembre 18, 1938. *Resuelto:* Diciembre 16, 1938.

4

*Leopoldo Santiago Carmona,* abogado de los apelantes; *Dubón & Ochoteco,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Agapito Díaz instituyó una acción de desahucio en precario contra Victoriana Ramos y Anastacio Olivero, solicitando el lanzamiento de los demandados de cierta casa y solar por ellos ocupados. Alegó el demandante ser dueño de la totalidad del solar, incluyendo la parte ocupada por la casa, la cual admitió el demandante pertenecía a la demandada Victoriana Ramos. Siguió el caso sus trámites ordinarios, dictándose sentencia por la Corte de Distrito de Bayamón a favor del demandante en 10 de diciembre de 1934, decretando el desahucio de los demandados y condenándolos al pago de las costas.

Contra esta sentencia apelaron los demandados para ante este tribunal, siendo confirmada la misma porque hallándose

uno de sus jueces fuera de Puerto Rico, los cuatro restantes se dividieron de tal forma que dos de ellos votaron por la confirmación de la sentencia y los otros dos por su revocación (51 D.P.R. 822). Devuelto el mandato a la corte inferior, el demandante radicó su memorándum de costas en el cual incluye una partida de $250 para honorarios de abogado, $10 por honorarios del secretario por concepto de radicación y señalamiento, y $2.20 por derechos de emplazamiento.

Los demandados radicaron un escrito de impugnación al memorándum de costas, en el que alegan que el demandante no tiene derecho a cobrarlas porque en la opinión dictada por la Corte Suprema confirmando la sentencia apelada no se hace mención de costas. Refiriéndose entonces a los honorarios de abogado, arguye que en la fecha en que se confirmó la sentencia por el Tribunal Supremo el artículo 327 del Código de Enjuiciamiento Civil, sobre costas, había sido enmendado por la Ley (núm. 94) de 11 de mayo de 1937 (Leyes de 1936–37, pág. 239), y que de acuerdo con esta ley la condena de costas no incluye honorarios de abogado a menos que específicamente lo exprese el tribunal sentenciador; que el desembolso de $2.20 que aparece consignado en el memorándum de costas por gastos de emplazamiento tampoco está autorizado por el artículo 327 del Código de Enjuiciamiento Civil según fué enmendado por la citada ley de 11 de mayo de 1937, y que asumiendo sin aceptarlo, que el demandante tuviese derecho a recobrar honorarios de abogado, el montante de éstos no debe exceder de $25, habida cuenta del tiempo que duró la vista del caso y de la prueba presentada, consistente, por parte del demandante, en dos documentos.

Conforme resolvimos en el caso de *Mason* v. *White Star Bus Line, Inc.*, 53 D.P.R. 337, y más tarde en el de *Soltero* v. *Vélez*, 53 D.P.R. 566, la ley por la cual debe regirse el memorándum de costas en este caso no es la existente al

tiempo de confirmarse la sentencia, sino la que imperaba en la fecha en que se dictó la sentencia por la corte inferior en el año 1934. De acuerdo con la ley que entonces regía, la condena de costas incluía honorarios de abogado, a menos que expresamente el tribunal los excluyese en el pronunciamiento de costas. *Ramírez* v. *American R. R. Co.,* 28 D.P.R. 181, 182; *Brac* v. *Ojeda,* 27 D.P.R. 658; *Cortés y Segura* v. *Cortés,* 43 D.P.R. 473. No hay duda, pues, que de acuerdo con la sentencia dictada por el tribunal *a quo* el demandante tiene derecho a honorarios de abogado, y que al apelarse y confirmarse la sentencia sin revocarse el pronunciamiento de costas que contenía, quedó en todo su vigor la sentencia apelada, incluyendo desde luego el pronunciamiento de costas.

La única cuestión a determinar ahora es si el montante de los honorarios de abogado es razonable, consideradas las circunstancias especiales que han concurrido en este caso. Es evidente la falta de temeridad por parte de los demandados al defenderse de la acción de desahucio contra ellos establecida y la mejor prueba de ello es el hecho de que dos de los jueces de este tribunal entendieron que la sentencia debió ser revocada. Excluído el elemento de temeridad y habida cuenta de la naturaleza del pleito, en que no se levantaron difíciles cuestiones de derecho, en que la prueba fué breve, así como también el valor de la cuestión en controversia, que según hemos visto se trataba en parte de una casa comprada por la demandante por $250 y el solar que la sostenía, habida consideración de todas estas circunstancias, repetimos, entendemos que la partida concedida por concepto de honorarios de abogado debe reducirse a la cantidad de $100, que estimamos justa y razonable de acuerdo con dichas circunstancias.

Las partidas de honorarios del secretario por concepto de radicación y señalamiento no hay duda alguna que están comprendidas en el concepto de costas judiciales y lo mismo sucede con respecto a los gastos incurridos para emplazar a los demandados.

■ De acuerdo con la ley que en la fecha de la sentencia imperaba, el memorándum de costas debía presentarse dentro de los diez días siguientes a la devolución del mandato. Por consiguiente, no tienen razón los apelantes al insistir ahora en que el memorándum de costas fué presentado tardíamente al no radicarse dentro de diez días de dictada la sentencia en la corte inferior.

■ La demanda en el pleito principal de desahucio fué presentada por los abogados Dubón y Ochoteco en representación del demandante, y el hecho de que fuese el Sr. Ochoteco el que asistió al juicio no impide que su socio, Sr. Dubón, jure el memorándum de costas, si tenía la necesaria información.

*Por las razones expuestas, procede modificar la resolución apelada, reduciendo la partida de honorarios de abogado a $100, y así modificada, debe confirmarse.*

El Juez Presidente Señor Del Toro no intervino.